LEONA BENNETT *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

JULY 29, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This action in assumpsit was brought by the plaintiff to recover, under an accident insurance policy issued by the defendant, certain benefits for her alleged total disability. In the superior court a jury returned a verdict for the plaintiff in the full amount of her claim and the trial justice subsequently denied the defendant's motion for a new trial. The case is before us upon the defendant's exceptions to this ruling of the trial justice, to his refusal to charge as requested, and to certain portions of the charge as given.

It appears in evidence that the plaintiff was insured by the defendant insurance company under an accident policy dated March 11, 1931, "against the results of bodily injuries sustained while this policy is in force and caused directly and independently of all other causes by violent and accidental means." The following clauses of the policy are pertinent to the plaintiff's right to recover. Clause 2. "If such injuries . . . directly and independently of all other causes, shall, within two weeks from the date of the accident, continuously and wholly disable and prevent the insured from performing any and every kind of duty pertaining to the occupation in which he is engaged at the time of the accident, the Company will pay the insured the weekly indemnity above specified for the period of such total disability, not exceeding 52 weeks."

Clause 9, the so-called exclusion or exception clause, reads as follows: "This insurance shall not cover . . . nor shall it cover accident, injury, disability, death or any other loss caused wholly or partly, directly or indirectly, by disease or bodily or mental infirmity or medical or surgical treatment therefor; nor shall it cover injury, disability, death or any other result caused wholly or partly, directly or indirectly, by ptomaines or disease germs or any kind of infection, whether introduced or contracted accidentally or otherwise (excepting only septic infection of and through a visible wound caused directly and independently of all other causes by violent and accidental means) . . . ."

The weekly indemnity specified was $15 and Clause 4 provides that such indemnity shall be doubled if the injuries are received while the insured is riding as a passenger in or on any public conveyance of a common carrier. It further appears in evidence that the plaintiff was thirty-five years of age, and, until a few days before the accident, was employed in doing typing and other clerical work in a mill office.

On April 7, 1933, she was a passenger on a bus of the New England Transportation Company en route from Providence to New York when it was driven off the road, down an embankment and was tipped over on its side. The plaintiff testified that her daughter was sitting next to her on her right, reclining her head upon the plaintiff's right arm which was extended around her daughter who was asleep; that because of the accident her daughter's elbow was driven violently against her right side or abdomen, causing certain internal injuries, and that she also received injuries to her back, a sprain or wrenching of the shoulder, and injury to her nerves, for all of which she later required and received medical attention.

Apparently after examination by the defendant's medical representative she was paid by the defendant in accordance with the terms of the policy, $30 per week for eight weeks. Thereupon the defendant ceased further payments on the ground that the plaintiff was no longer entitled to benefits under the policy. The plaintiff on September 10, 1934 commenced this action to recover the remainder of the fifty-two weekly benefits, allegedly accrued under the terms of the policy.

The plaintiff contended that her disability was total and that it resulted solely and directly from the accident. The defendant questioned her total disability after a period of eight weeks, for which it had paid, and also contended that the injuries from which the plaintiff was suffering were not caused directly and independently of all other causes by violent and accidental means.

The defendant makes four major contentions, namely, that the trial justice was in error, first, in refusing to grant the defendant's motion for a new trial; second, in giving certain portions of his instructions to the jury; third, in granting the plaintiff's sixth request to charge; and fourth, in denying the defendant's second request to charge without modification. All of its other exceptions being neither

briefed nor argued are deemed to be waived. Since its above contentions, second to fourth, inclusive, relate to the law of the case and to its exceptions, third to sixth, inclusive, they may be considered first.

Defendant's counsel contends on the law of the case that the repeated use by the trial justice in his charge of the words "intervening cause" was confusing, misleading and prejudicial. He argues substantially that these words limited the jury to the consideration only of such physical conditions of the plaintiff or such other *intervening* causes of her disability as may have occurred between the accident and the injury, whereas the defendant was entitled, under the provisions of clause 9 of the policy, to have the jury consider whether any other cause, either before or after the accident, cooperated as a contributing cause to produce the plaintiff's disability; and that such language, though pertinent to tort actions, was misleading and confusing when applied to an action based upon an insurance contract; and that there were other prejudicial errors in the charge as given.

We have examined separately and in conjunction with the charge as a whole the portions referred to, and a majority of the court are of the opinion that the language of the charge contained certain inconsistencies; and that it so overemphasized the necessity of finding that any other cause must be an *intervening cause* in order for the defendant to prevail, that the jury were substantially limited in their consideration of certain evidence concerning the plaintiff's condition prior to the accident, which the defendant claims contributed as a cause to the plaintiff's disability.

The trial court constantly kept before the jury the necessity of finding, in order to defeat a recovery on the policy, that any cause which might contribute with the accident to produce the plaintiff's disability must also be an *intervening cause*. Nowhere in the charge did the court define what he meant by an intervening cause. Therefore, the jury were

left to infer either that "intervening cause" was synonymous with "contributory cause", which it is not; or that it meant what the words "intervening cause" connote in law, namely, a new and independent cause which breaks the causal connection between the accident and injury so as to become of itself the sole efficient or proximate cause of the injury. If this last meaning were adopted by the jury, it would have eliminated entirely the theory of the defendant regarding "contributory cause" as relied upon by it under the evidence and policy.

The following excerpts from the charge will suffice to show the law as it was given to the jury in this connection. In the early part of the charge the court instructed the jury that: "In order for the plaintiff to recover she must prove that the effects resulting from the accident of April 7th, 1933, directly and independently of *any intervening cause,* disabled her from performing the duties pertaining to her occupation." (italics ours)

A little later the court again said: "The question for you is how much, if any, of these conditions do you find to have been proven were caused directly and independently of *any intervening causes,* by the accident of April 7th, 1933. There you have a question of cause and effect. Now by a cause we mean the proximate cause, the event or direct and predominant cause." (italics ours)

Further on appears the following: "Now here the plaintiff must prove that her disability, if she has one, resulted directly and independently of any *independent intervening cause,* from the accident of April 7th, 1933." (italics ours)

Then toward the later portion of the charge, after the court had made some slight reference to "intervening or contributory causes", the trial justice again reverted to the expression of intervening causes as follows: "If the plaintiff has proved by a fair preponderance of the evidence that the injuries she received did, within two weeks of the accident, directly and independently of all other *intervening*

*causes,* continuously disable her to the extent . . . she was totally disabled within the meaning of her policy . . . ." (italics ours)

Still later, after discussing the weekly disability benefits and double indemnity feature of the policy, and just before concluding his main charge, the trial justice said: "Now if the plaintiff has failed to prove by a fair preponderance of the evidence, that is, by the greater weight of the evidence, that she received a total disability, as I have explained that to you to mean, caused directly and independently of all other *intervening causes,* by the injuries which she received in this accident, she is not entitled to recover." (italics ours)

Thus the dominant note running throughout the charge naturally would limit the jury's consideration to the evidence of only such condition or infirmity of the plaintiff as amounted to an *intervening cause* between the accident and the injury, thereby excluding from their consideration any evidence of the plaintiff's condition of bodily disease or infirmity before the accident, which defendant claims was a contributing, as distinguished from an intervening cause to produce her disability. The references to *intervening causes,* as distinguished from contributory causes of the plaintiff's disability, appear at least six times. However, it must be conceded that, in one or two closely connected portions in or about the middle of the charge, the trial justice seems to have included contributory cause in his instructions by stating: "It is for you to decide . . . what results followed from the accident, without any other intervening or contributing cause."

Notwithstanding these references, however, a majority of the court are of the opinion that the persistent repetition of the objectionable and misleading language concerning intervening causes, especially at the beginning and ending of the charge, would naturally predominate with the jury to the prejudice of the defendant's contention concerning the evidence upon which it relied.

In addition the trial court granted the plaintiff's sixth request to charge, with some modification. The request itself apparently was based upon language assembled from different parts of the court's discussion in the case of *Freeman* v. *Mercantile Accident Assoc.*, 156 Mass. 351. The policy in that case dealt solely with the accident as the proximate cause of the disability and was very much different from the policy in the instant case. While appropriate in that case, the language in the instant case added to the confusion resulting from the charge concerning intervening and proximate causes; even though its effect was somewhat modified in the court's additional language.

For these reasons the charge is found to have been misleading and prejudicial to the defendant. In this view of the case it is unnecessary to consider its other exceptions or contentions.

The defendant's third, fourth, fifth and sixth exceptions are sustained and the case is remitted to the superior court for a new trial.

*Godfrey & Cambio, Gerald L. Bronstein,* for plaintiff.

*Tillinghast, Morrissey & Flynn, M. Walter Flynn, John M. Dunn,* for defendant.