## MARGARET HICKEY v. MINISTERS CASUALTY UNION.[1]

### June 2, 1916.

### Nos. 19,822—(155).

**Accident insurance policy — disease not proximate cause of death.**

Action by the beneficiary in an accident insurance policy to recover thereon. The policy provided for specified sums to be paid for different

[1]Reported in 158 N. W. 45.

---

Note.—As to what constitutes an accident within the meaning of an accident insurance policy, see note in 30 L.R.A.(N.S.) 206. And authorities on the question of previous diseased condition as affecting liability for death or injury from accident, see note in 52 L.R.A.(N.S.) 1203.

bodily injuries, and for the payment of the amount of the policy "if death shall result from such injuries alone, and not proximately from some disease induced or aggravated by said injuries, and within three calendar months after the date on which the injuries were received." It is *held*:

(1) The evidence warranted the jury in finding that the death of the insured resulted from his injuries alone, and not proximately from a disease induced or aggravated by such injuries.

(2) As a result of the accident the insured suffered from traumatic peritonitis, or an inflamation of the peritoneum caused by a blow on the abdomen. *Held* that his death was not proximately caused by a disease, within the meaning of the policy.

(3) There was no reversible error in the charge to the jury, or in the refusal to give a requested instruction.

(4) The evidence warranted the jury in finding that the injuries from which the insured died were received in an accident.

Action in the district court for Hennepin county to recover $5,000 upon defendant's policy of insurance upon the life of Francis W. Hickey, plaintiff's son. The answer alleged that Francis W. Hickey did not die as a result of the injuries mentioned in the complaint. The case was tried before Hale, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for the amount demanded. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Arthur Markve* and *M. C. Tifft,* for appellant.

*Lancaster, Simpson & Purdy, James E. Dorsey* and *Boyce & Davidson,* for respondent.

BUNN, J.

Plaintiff is the beneficiary in an accident insurance policy issued by defendant to Francis W. Hickey, who, she alleged, died as the result of injuries received in an automobile accident. This action, brought to recover on the policy, resulted in a verdict for plaintiff. Defendant appeals from an order refusing a new trial.

The main defense was and is that the death of the insured was not within the terms of the policy, which, after providing for specified sums to be paid for different bodily injuries, contains the following provision:

"Or if death shall result from such injuries alone, and not proximately from some disease induced or aggravated by said injuries, and within three calendar months after the date on which the injuries were received, the Union will pay  *  *  *  the sum of $5,000."

It is claimed that the evidence did not warrant the jury in finding that the insured's death resulted from his injuries alone, but that it was rather the result of a disease "induced or aggravated" by the injuries. The facts are as follows:

The insured was a Catholic priest in Texas, a strong, muscular young man, and in perfect health. On April 24, 1914, he was riding with the driver in the front seat of an automobile when it struck an embankment and turned over. He was at once taken to a hospital, and was found to be suffering from a severe abdominal injury. By May 8, his condition was such that an operation was necessary. This was performed; the appendix was removed, and the intestines replaced in a normal position. The evidence makes it plain that the conditions found to exist were most serious. The patient improved somewhat after this operation, but continued to suffer pains; this suffering increased steadily, and there was a progressive obstruction of the intestines. As a last hope a second operation was performed; this disclosed conditions which clearly enough indicate the absolute necessity of the operation, as the only hope to save the patient's life. The insured failed to rally from this operation and died the following day, May 31, or 34 days after the accident. Three physicians who treated the insured testified that his death was caused solely by the injuries received in the accident. Defendant claims that the death resulted proximately from a disease, namely traumatic peritonitis, induced by the injuries. It is true enough that there was an inflammation of the peritoneum caused by a blow to the abdomen received in the accident, and that this condition is known to the medical profession as traumatic peritonitis. But it is neither necessary nor accurate to call the condition a disease. Doubtless there are technical names for most any physical disability caused by an accident, but it seems an unwarranted stretch to say that in each case of injury where death does not immediately result, there is a "disease" of the organ or member that is injured. The insurer agrees to pay in case death results from the injuries within three calendar months, and yet insists practically that it is not liable unless death fol-

lows immediately. The provision should not be construed as contended for by defendant. The insured's death plainly resulted from the injuries alone, and not proximately from some disease induced or aggravated by the injuries.

There are several alleged errors in the charge to the jury. As to the instructions on the subject of the defense that the death resulted proximately from a disease induced or aggravated by the injuries, and the failure to give a requested instruction, we are of the opinion that even if the court's construction of the provision was not the correct one, there was no error of which defendant can justly complain. The evidence was conclusive, except for a statement of one of defendant's medical witnesses to the effect that there may have been some disease, perhaps connected with the peritoneum, before the accident. This possible defense was covered by the court in its charge, and disposed of by the verdict. We find no merit and nothing to warrant discussion in any other of the exceptions to the charge.

The claim that the evidence fails to show that the injuries from which the insured died were caused by the automobile accident, cannot be sustained. The evidence as to the nature of the accident, supplemented by that of the physicians as to the nature of the injuries, leaves no room for doubt on this point.

Order affirmed.