JOHN WANAMAKER, NEW YORK, INC., and GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LTD., OF PERTH, SCOTLAND, Respondents, *v.* OTIS ELEVATOR COMPANY, Appellant.  (Action No. 1.)

Second Department, March 7, 1919.

Appeal — power of Appellate Division to reverse findings of fact and make new findings — effect of voluntary agreement of parties upon facts — insurance — accident insurance — action by owner of store and accident insurance corporation against elevator company for damages — owner of store not in pari delicto with elevator company — allowance of costs and expenses upon trial and appeals in original action for damages against owner of store — effect of stipulation by defendant that expenses were necessarily incurred.

Where in an action by the owner of a department store and an accident insurance corporation to recover from the defendant, an elevator company, the loss and damage sustained by reason of the fall of an elevator in the store of the plaintiff, it was stipulated between the parties that the counsel fees, witness fees and other expenses of the insurance corporation were necessarily incurred in the defense of an action by a passenger in the elevator for personal injuries sustained, and the defendant also admitted that the cause of the accident was the original faulty design, construction and installation of the elevator straps, and there was no request to find that

the owner of the store was negligent or that its negligence contributed in any way to the accident, it cannot be held on appeal from a judgment in favor of the plaintiffs that the owner of the store was *in pari delicto* with defendant.

Although the Appellate Division may reverse findings of fact and make new findings, it has no right to substitute new facts and new theories not presented to the trial court, where the parties voluntarily agree upon the facts and try their case accordingly.

The sums paid by the insurance corporation for attorney and counsel fees, witness fees and other expenses in the original action against the owner of the store for negligence and the costs and disbursements in the appeal by the owner of the store to the Appellate Division resulting in a reversal of the judgment and in a subsequent appeal to the Court of Appeals, where the judgment was reversed, were properly included in the judgment for the plaintiffs.

The defendant's stipulation that said expenses were necessarily incurred precludes it from objecting thereto upon appeal.

APPEAL by the defendant, Otis Elevator Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 9th day of July, 1918, upon the decision of the court after a trial before the court, a jury having been waived.

The action is to recover from the defendant the loss and damage sustained by the plaintiffs by reason of the fall of an elevator in the store of the plaintiff Wanamaker in New York city. One Matilda Rumetsch, a passenger in the elevator, was injured in the accident and brought suit against Wanamaker, alleging that the fall of the elevator was due to negligence and to the defective and unsafe condition of the elevator. Wanamaker answered and duly notified the defendant Otis Elevator Company, which had installed the elevator, requesting it to come in and defend and that it would be held liable for any recovery. The Otis Elevator Company did not intervene or defend the action. The plaintiff Rumetsch recovered a judgment against Wanamaker for $16,223.87, which was reversed upon appeal to this court, but upon appeal to the Court of Appeals the judgment of this court was reversed and that of the Trial Term affirmed. (*Rumetsch* v. *Wanamaker, New York, Inc.,* 154 App. Div. 800; revd., 216 N. Y. 379.) The plaintiff Wanamaker and the accident assurance corporation, which had agreed to defend and indemnify Wanamaker against loss by reason of liability for damages to passengers in the elevator as well as for

costs and expenses incurred in such defense, subsequently paid Rumetsch $20,523.02 in settlement of the judgment with interest and costs. Of this amount the assurance corporation paid $6,906.33. It was stipulated between the parties to this action that the assurance corporation also expended for attorneys and counsel fees, witness fees and other expenses pursuant to the terms of its policy the sum of $3,613.92 and that all of such expenses " were necessarily incurred in the defense of said action." The trial judge, a jury having been waived, made findings of fact and conclusions of law directing judgment in favor of Wanamaker for $15,684.16, and in favor of the assurance corporation for $12,577.98, with costs, the total recovery being $28,385.34. The judgment in favor of the assurance corporation included the amount expended for attorneys' fees and expenses, and the judgment for Wanamaker, an item of costs awarded on the reversal in the Court of Appeals.

*Morgan M. Mann*, for the appellant.

*Frank Verner Johnson*, for the respondents.

KELLY, J.:

However persuasive the argument of the learned counsel for the appellant, may be, we are constrained to hold that it is not applicable to the facts disclosed by the record presented to us. He argues that the plaintiff Wanamaker and the defendant were *in pari delicto* as to the accident which was the basis of the recovery of damages against Wanamaker, which damages the plaintiffs have in turn recovered from the defendant, and, therefore, he claims that the plaintiffs cannot maintain an action against defendant for indemnity. But whatever might be the opinion of the court upon the evidence at the trial in which the original recovery was had, we are bound by the stipulations of the parties upon the trial of the case at bar and the findings of the trial justice based upon those stipulations. These findings come to us without any exception taken thereto — as suggested they are based upon the written stipulation of the parties. There are no requests to find other or contrary facts. And so, when it

is argued that the plaintiff Wanamaker and defendant were *in pari delicto* in the negligence resulting in the fall of the elevator, that the original negligent installation of the elevator by the defendant was supplemented by negligent use by Wanamaker for more than a year, and while it is evident that this was the theory upon which the original recovery of damages was had against Wanamaker affirmed by the Court of Appeals (*Rumetsch* v. *Wanamaker, New York, Inc.*, 216 N. Y. 379), still in the present case the plaintiffs could not and did not rely upon the judgment roll in the original action for damages. (*Scott* v. *Curtis*, 195 N. Y. 424, 429.)   They proceeded to give evidence in addition to that judgment roll to show that the accident was occasioned by negligence for which the defendant was primarily liable.   The plaintiffs offered in evidence a written stipulation signed by the attorneys for the respective parties which was received and is part of the record on this appeal.   It contains the following agreement as to the facts:

"*Fifth.* That it was established upon the trial of the aforesaid action [referring to the action of *Rumetsch* v. *Wanamaker, New York, Inc.*] that the falling of the elevator car in which the said Matilda Rumetsch was riding as a passenger on the said 27th day of April, 1909, which elevator was known as elevator No. 72, was due to the breaking of two certain iron straps designed and used for the support of the lifting cables of this elevator, and that these straps broke because they were wrongfully designed, constructed and installed and therefore insufficient and inadequate in strength to perform the work imposed upon them in the ordinary operation of the elevator in question."

Here we have the explicit admission by the defendant that the cause of the accident was the original faulty design, construction and installation of the elevator straps, matters for which the defendant only was liable, and that the straps were insufficient and inadequate in strength.   And again the defendant admits in paragraph 12 of the stipulation " That the two certain iron straps referred to in subdivision Fifth of this stipulation were the same two certain iron straps referred to in subdivision IV of the complaint herein, and that they were designed and installed on the said premises by this defendant for the support of the lifting cables of said

elevator No. 72 and the same turned over to the said John Wanamaker, New York, Incorporated, for its use as a passenger elevator having a carrying capacity of 2,500 pounds, on or about the 29th day of October, 1907, and that the said iron straps were thereafter never changed, altered or in any way interfered with prior to their breaking on the 27th day of April, 1909, when they broke while the said elevator was carrying less than 2,500 pounds."

It is impossible to avoid the conclusion that if the cause of the accident was the breaking of the straps negligently constructed and installed by the defendant, and if the straps were never changed, altered or interfered with in any way between the date of the installation and the accident, it cannot be said that Wanamaker caused or contributed to the accident. The trial judge in the case at bar made his findings of fact in the exact language of the stipulation and directed judgment against the defendant. There was no request to find that the Wanamaker Company was negligent or that its negligence contributed in any way to the accident. How can it be argued here that the plaintiff Wanamaker was *in pari delicto* with defendant? This court has broad powers, so that it may reverse findings of fact and make new findings, but where the parties voluntarily agree upon the facts and try their case accordingly, we have no right to substitute new facts and new theories not presented to the trial court.

There are two additional claims of error presented by the appellant. In directing a verdict for the plaintiffs the trial judge included in the recovery the sums paid by the plaintiff assurance corporation for attorney and counsel fees, witness fees and other expenses aggregating $3,613.92. The appellant contends that the only theory upon which the assurance corporation could recover from the defendant for these items is that of subrogation, and that for one to be subrogated to the right of another the obligation paid by the party seeking subrogation must be the primary obligation of the person for whom it was paid. Defendant insists that in the case at bar the assurance corporation was bound by its contract with Wanamaker to employ counsel to defend the action and that Wanamaker was under no obligation to pay these attorneys' fees — that the assurance corporation was merely

satisfying its own primary obligation and not the primary obligation of Wanamaker. The trial judge also included in the recovery an item of $503.69 for the costs and disbursements of the appeals in the original action, and the appellant insists that this was error, citing *Murphy* v. *City of Yonkers* (213 N. Y. 124), where it was held that a person cast in damages because of the negligence of another who has indemnified him, cannot recover over from the indemnitor, as part of his damages, the costs of an unsuccessful appeal taken without the latter's authority. It was held in the case cited that with the recovery of the judgment in the court of original jurisdiction the reason ceases for any further proceedings by the indemnified at the expense of the indemnitor without his consent. It will be noted in the case at bar that the appeal taken by the Wanamaker Company from the original judgment to the Appellate Division was successful, resulting in the reversal of the judgment. It was on the subsequent appeal to the Court of Appeals, which the Wanamaker Company was compelled to oppose, that the company was unsuccessful.

If the costs, expenses and counsel fees were reasonable and proper and were incurred with the consent of the defendant, the right of the plaintiffs to recover such expenditures as part of the natural and direct consequence of the defendant's wrongful act cannot be doubted. In *Murphy* v. *City of Yonkers* (*supra*) Judge HISCOCK disapproved such recovery of costs of an unsuccessful appeal, because there was no evidence that the indemnitor authorized the appeals. But in the case at bar the plaintiffs insist that defendant cannot raise the question here because it has expressly stipulated that these expenditures were necessarily incurred, that the assurance corporation paid the attorneys' and witness fees and expenses pursuant to the terms of its policy, and that as to the costs awarded by the Court of Appeals on the reversal of the judgment of the Appellate Division the plaintiffs here were compelled to pay the costs. The plaintiffs assert that if there was any question at the trial that these expenditures were necessarily incurred, they might have introduced further proof of the consent of defendant to the appeals and its acquiescence therein. We think that the defendant's

stipulation that these expenses were necessarily incurred precludes it from urging the objections here. While the ordinary definition of the word "necessary" as indicating something indispensable and which cannot be disregarded or omitted may not always apply in law, the sense in which the word is used in the stipulation in the case at bar makes it evident that if the defendant contested the propriety of the expenditure it would not admit that it was necessary or necessarily incurred. It follows that the judgment must be affirmed.

The judgment should be affirmed, with costs.

Present — JENKS, P. J., MILLS, PUTNAM, KELLY and JAYCOX, JJ.

Judgment unanimously affirmed, with costs.