[Civ. No. 2779.    First Appellate District, Division Two.—May 28, 1919.]

## SAM ELLEN HANNA, Respondent, v. INTERSTATE BUSINESS MEN'S ACCIDENT ASSOCIATION OF DES MOINES, IOWA, Appellant.

[1] ACCIDENT INSURANCE — INJURY CAUSING HERNIA — SUBSEQUENT DEATH—REDUCED LIABILITY.—Where a policy of insurance provides for payment to the beneficiary in case of the death of the insured "on account of bodily injuries . . . effected directly and independently of any other contributing, concurring, or intervening cause, by external, violent, and accidental means," but limits the liability "if the bodily injury be a hernia," the insurance company is not entitled to the benefit of the reduced liability when death results from a hernia, which in turn is caused by the insured's having accidentally slipped and been struck on the chest and abdomen by a plank.

[2] ID. — CAUSE OF DEATH.—In such case, the accident itself, and not the resultant hernia, is regarded as the cause of the death. The cause of the injury is that which sets in motion a train of events which brings about a result without the intervention of any force operating or working actively from a new and independent source.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. M. Haines, Dunshee, Haines & Brody and Hadsell, Sweet & Ingalls for Appellant.

Jacobs & Oliver and Frank E. Green for Respondent.

HAVEN, J.—Plaintiff sued as beneficiary under a policy of accident insurance issued to her deceased husband by defendant. Verdict and judgment were entered for plaintiff for the sum of five thousand dollars, being the full amount specified in the policy, from which judgment defendant appeals.

[1] Under the terms of the policy the defendant agreed to pay to the beneficiary, in case of the death of the insured, "the sums hereinafter specified, for loss of life, . . . on account of bodily injuries sustained by the member . . . effected directly and independently of any other contributing, concurring or intervening cause, by external, violent and accidental means." Certain conditions and limitations were specified in the policy and made a part thereof. Those material to the consideration of this appeal are the following: "If, as a result of such injury, independently of all other causes, intervening, contributing or concurring, the death of the member shall occur within ninety days from the date thereof, the association shall pay the sum of five thousand dollars ($5,000.00), which shall be in full and complete satisfaction of every claim against it, including any claim for disability." Then follows a specification of certain "Special Limited Benefits and Indemnities," among which is the following: "C. Hernia.— If the bodily injury be a hernia, the limit of the liability of the association shall be fifty dollars ($50.00)."

The appellant contends that its liability under the policy was limited to the sum of fifty dollars, for the reason that the death of the insured resulted from hernia. It was alleged in the complaint that the insured "received personal injuries through external, violent, and accidental means, to wit: By being struck on his chest and abdomen by a heavy board, plank, or piece of wood, causing a strangulated hernia and a strangulation and paralysis of his bowels. That by reason of the aforesaid injuries and as the direct result thereof, independently of any other contributing, concurring, or intervening cause, the said insured died on or about the thirtieth day of November, 1916." The evidence disclosed that at the time mentioned in the complaint the insured was moving a heavy plank when he slipped and the end of the plank struck him on the chest

and abdomen; that he immediately suffered great pain, and showed signs of serious injury; that a physician examined the deceased about twenty minutes after the accident and discovered a severe strangulated hernia, which was conceded to be the result of the fall and blow. The insured was operated on immediately and the hernia reduced, but he died seven days later from paralysis of the bowel and gangrene, resulting from the injuries received at the time of the accident. The appellant admits the above facts, but claims that the bodily injury from which death resulted was the hernia, and not the accidental blow from the plank.

[2] The question involved is whether or not the liability of the defendant is limited to fifty dollars under the terms of the policy, when death results from a hernia, which in turn is caused by an accidental blow of the character above set forth. Under familiar legal principles the hernia must be regarded as the result of the accident, and the accident itself, and not the resultant hernia, as the cause of the death. The provision in the policy for insurance against loss of life "on account of bodily injuries" is equivalent to loss of life caused by bodily injuries, which injuries under the further provisions of the policy must have been "effected directly and independently of any other contributing, concurring, or intervening cause, by external, violent, and accidental means." The cause of the injury is that which sets in motion a train of events which brings about a result without the intervention of any force operating or working actively from a new and independent source. In this case there can be no question but that the accidental blow from the plank was such cause. The hernia was one of the effects of such cause, but likewise was the resulting death.

The exact question here involved has been considered in a number of cases, all of which are in accord with the views above expressed. In several of such cases the reasons for refusing to insurance companies the benefit of a reduced liability on account of death resulting from hernia, under provisions of policies of accident insurance of like effect to those of the policy here involved, as far as the question now under consideration is concerned, received careful and exhaustive consideration. The courts to which such question has been submitted have been uniform in holding that,

under facts similar to those in the case at bar, the death was caused by the accident from which the hernia resulted, and not by the hernia itself. They have refused, therefore, to reduce the liability of the insurance company. The leading cases so holding are: *Berry* v. *United Commercial Travelers of America,* 172 Iowa, 429, [Ann. Cas. 1918A, 706, L. R. A. 1916B, 617, 154 N. W. 598]; *Travelers' Ins. Co. of Hartford* v. *Murray,* 16 Colo. 296, [25 Am. St. Rep. 267, 26 Pac. 774]; *Summers* v. *Fidelity Mutual Aid Assn.,* 84 Mo. App. 605; *Atlanta Acc. Assn.* v. *Alexander,* 104 Ga. 709, [42 L. R. A. 188, 30 S. E. 939]. Appellant concedes that the authorities above referred to are contrary to its contention, but claims that provisions of the policies involved in said cases to the effect that the insurance "does not cover accident nor death resulting wholly or partly from . . . hernia" differentiate the cases from the facts of the instant case. In our opinion, the reasoning of the authorities referred to applies with equal force to the policy now under consideration. The only case cited by appellant which sustains a reduced liability of the insurance company for death resulting from hernia is *Keen* v. *Continental Casualty Co.,* 175 Iowa, 513, [154 N. W. 409]. In that case the exempting clause was: "Where accidental injury results in hernia . . . the amount payable shall be one-fourth of the amount which otherwise would be payable." This is a very different provision from the one contained in the policy in the instant case or those involved in the other cases above referred to.

Appellant complains of certain instructions given by the trial court as being contradictory and as assuming facts not in evidence. The instructions as a whole correctly stated the law as applicable to the facts in issue, and we fail to find therein any prejudicial error.

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal was denied by the supreme court on July 24, 1919.

All the Justices concurred except Melvin, J., and Olney, J., who were absent.