GUS. G. CORSONES, ADMR. *v.* MONARCH ACCIDENT INSURANCE COMPANY.

Special Term at Rutland, November, 1930.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed May 5, 1931.

*Novak, Bloomer & Spero* for the plaintiff.

*Fenton, Wing, Morse & Jeffords* for the defendant.

MOULTON, J. The policy issued by the defendant company, upon which this action is based, insured the decedent against loss of life resulting directly and independently of all other causes from bodily injuries effected solely through accidental means, and occurring within 90 days after the accident. There were provided, also, certain weekly indemnities for total or partial disability caused by bodily injuries resulting solely from accidental means; and other weekly indemnities, differing somewhat from the former ones in the periods for which they were payable, for disability caused by sickness. In case of death from accident, as above defined, in addition to the principal sum, there was a weekly accident indemnity, payable up to the time of death. It was further provided that "Disability resulting wholly or partly from * * * * hernia * * * * shall be considered as sickness and indemnified under the sickness provisions of the policy whatever the original cause."

The plaintiff's evidence tended to show that the decedent, while employed as a waiter in a restaurant, suffered a traumatic hernia as the result of a fall while carrying a tray of dishes. An operation was performed, acute dilation of the stomach set in, and he died about three weeks after his injury. In this action recovery is sought for the principal sum made payable

for death caused by accidental means, all claims for sickness or accident indemnity being waived.

The trial court directed a verdict for the defendant, upon the ground that recovery could be had only for sickness indemnity, since the decedent had suffered a disability resulting wholly or partly from hernia. This was error.

■■ It is a fundamental rule that a policy of insurance must be construed liberally in respect to the person insured and strictly with respect to the insurer. *Mosley* v. *Vermont Mut. Fire Ins. Co.*, 55 Vt. 142, 148; *Brink and Co.* v. *Merchant's, etc., Co.*, 49 Vt. 442, 457; *Bates* v. *German Commercial Accident Ins. Co.*, 87 Vt. 128, 132, 88 Atl. 532, Ann. Cas. 1916C; *Kimball* v. *N. Y. Life Ins. Co.*, 96 Vt. 19, 28, 116 Atl. 119; although such construction must be reasonable and not such as to deprive the insurer of the benefit of an unambiguous provision placed therein for its protection. *Duran* v. *Standard, etc., Ins. Co.*, 63 Vt. 437, 438, 22 Atl. 530, 13 L. R. A. 637, 25 A. S. R. 773; *Furry's Admr.* v. *General Accident Ins. Co.*, 80 Vt. 526, 529, 68 Atl. 655, 15 L. R. A. (N. S.) 206, 130 A. S. R. 1012, 13 Ann. Cas. 515; *Spaulding* v. *Mut. Life Ins. Co.*, 96 Vt. 67, 81, 117 Atl. 376; *Mulcahy* v. *Travelers' Ins. Co.*, 261 Mass. 245, 158 N. E. 764, 766.

■■ The plaintiff's evidence tended to show that the hernia was caused by the fall, that is, by accidental means. Under these circumstances the death was attributable to the accident and not to the hernia, which was not a new and independent cause of death, but merely a link in the chain of causation between the accident and the death. *Robinson* v. *National, etc., Ins. Co.*, 76 Ind. App. 161, 129 N. E. 707, 708-710; *U. S. Casualty Co.* v. *Thrush*, 21 Ohio App. 129, 152 N. E. 796, 797, 798; *Hickey* v. *Ministers' Casualty Union*, 133 Minn. 215, 158 N. W. 45, 46; *Travelers' Ins. Co.* v. *Murray*, 16 Colo. 296, 26 Pac. 774, 25 A. S. R. 267, 273; *Thornton* v. *Travelers' Ins. Co.*, 116 Ga. 121, 42 S. E. 287, 94 A. S. R. 99, 102-105; Atlanta *Accident Ass'n* v. *Alexander*, 104 Ga. 709, 30 S. E. 939, 42 L. R. A. 188, 189; *Western Commercial Trav. Ass'n* v. *Smith* (C. C. A.), 85 Fed. 401, 40 L. R. A. 653, 656; *Freeman* v. *Mercantile Mutual Accident Ass'n*, 156 Mass. 351, 353, 354, 30 N. E. 1013, 17 L. R. A. 753; *Keen* v. *Continental Casualty Co.*, 175 Iowa, 513, 154 N. W. 409, 411; *Berry* v. *United Commercial Travelers' of America*, 172 Iowa, 249, 154 N. W. 598, 600, 601,

L. R. A. 1916B, 617, Ann. Cas. 1918A, 706; *Schwindermann* v. *Great Eastern Casualty Company*, 38 N. D. 584, 165 N. W. 982, 983; *Conrad* v. *Interstate, etc., Accident Ins. Co.*, 141 Tenn. 14, 206 S. W. 34, 35; *Hanna* v. *Interstate Business Men's Acc. Ass'n*, 41 Cal. App. 308, 182 Pac. 771, 772; *Norwood* v. *Washington, etc., Ins. Co.* (Tex. Civ. App.), 16 S. W. (2nd) 842, 844; and see cases cited in note Ann. Cas. 1918A, 710. The jury would therefore have been justified in finding that the decedent died as the result of an accidental bodily injury, within the meaning of the policy. Nor was the operation, which the plaintiff's evidence tended to show was a proper step in the treatment, an intervening cause of the death, thus discharging the defendant from liability under the policy. *Collins* v. *Casualty Co.*, 224 Mass. 327, 112 N. E. 634, L. R. A. 1916E, 1203, 1205; *Gardner* v. *United Surety Co.*, 110 Minn. 291, 125 N. W. 264, 26 L. R. A. (N. S.) 1004, 1008; *Vernon* v. *Iowa, etc., Traveling Men's Ass'n*, 158 Iowa, 597, 138 N. W. 696, 701.

■ The clause providing that disability resulting wholly or partly from hernia shall be considered as sickness, and indemnified as such, plainly refers to those sections of the policy in which weekly payments are stipulated as indemnity for entire or partial inability to work, by reason of disease or accident. Disability resulting from hernia, however it may have been caused, is classified as sickness, and the indemnities payable for sickness, and not those payable for accident, are applicable. But this in no way affects the liability in the principal sum for death caused solely by accidental means, which, as we have seen, is the claim in this action.

■ The defendant relies upon *Anderson* v. *Great Eastern Casualty Co.*, 51 Utah, 78, 168 Pac. 966, L. R. A. 1918B, 1194, wherein the policy provided that "any loss resulting wholly or in part, directly or indirectly, from * * * blood poison, * * *" should be considered as resulting from sickness and covered only by a section in the policy providing for sickness indemnity. The insured sprained his ankle; blood poison set in and he died. It was held by a divided court that, under the clause above quoted, no recovery could be had for the loss of life. But the language of the policy was of wider application than that in question in the instant case. The term "any loss" is broad enough to include death; while the word "disability" cannot be so construed, and when read in connection with other sections

of the policy means nothing more than inability on the part of the insured in whole or in part to carry on his occupation or attend to his affairs. Other cases cited by defendant are similarly distinguishable in the language of the policies involved.

*Judgment reversed, and cause remanded.*

NOTE. When this case was argued, at the special term at Rutland, November, 1930, it was assigned to MR. JUSTICE WILLCOX. Thereafter, at the February Term, 1931, it was reassigned to MR. JUSTICE MOULTON.