H. W. ABRAHAM *v.* INSURANCE COMPANY OF NORTH AMERICA

(84 A2d 670)

October Term, 1951.

Present: JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ. and SHANGRAW, Supr. J.

Opinion Filed November 6, 1951.

76

*McNamara & Larrow* for the defendant.

*Philip W. Hunt* and *A. Pearley Feen* for the plaintiff.

ADAMS, J.  This is an action of contract to recover insurance on a horse.  It was heard in the Chittenden Municipal Court.  Trial was by court on an agreed statement of facts and stipulation.  Judg-

ment was for the plaintiff. The case is here on the defendant's exceptions.

It appears from the agreed statement of facts that the plaintiff was the owner of a horse which he insured with the defendant company on June 3rd, 1948, for one year in the amount of $400. The policy covered death occurring from various causes not here material and "(f), Destruction, in the case of incurable illness or injury not specifically excluded under this insurance, provided that a written certificate from a qualified veterinarian, to be specially appointed by the company to examine the animal, is first obtained certifying that such destruction is necessary in order to immediately relieve incurable suffering." In January, 1949, the plaintiff notified the defendant that the horse had an ailment requiring its destruction and said destruction had been recommended by a veterinarian and that he desired an examination of the animal under the provisions of the policy. The animal was examined on February 10 by a qualified veterinarian specially appointed by the defendant. This veterinarian furnished the following certificate:

"Febr. 12th 1949

This is to certify that, on Feb. 10, 1949, I examined a Chestnut Saddle mare the property of Mr. Abraham of Burlington, Vt. * * *.

I find this mare to be totally blind in both eyes, due to, in my opinion, Periodic Ophthalmia, (Moon Blindness) which condition renders her useless as a saddle mare. While she is not suffering acute pain, she has to be confined in her stall and constantly attended if out of that stall, or suffer the pain of injuries she might receive by running into different objects. The acute pain in this disease subsides after the cataracts are completely formed as in her case.

Authorities on this disease claim that these animals should not be used for breeding purposes as there is an inherent tendency toward transmission of this weakness to the offspring.

In considering this case as a veterinarian, as well as from a humane viewpoint, it is my opinion that this animal should be destroyed.

L. D. Perry, V. S., B. V. Sc.
St. Albans, Vt."

The agreed statement states that on Feb. 12, 1949, the animal was in fact totally blind in both eyes and that such condition was incurable and that the plaintiff caused it to be destroyed. The statement then set forth that the sole issue submitted for adjudication is whether or not, upon the agreed statement, together with such inferences as may be reasonably drawn therefrom, the defendant is liable under item (f) of the certificate (heretofore quoted). If the court rules in the affirmative judgment shall be entered for the plaintiff for $400. plus interest and costs, but if the court rules in the negative judgment shall be entered for the defendant to recover its costs.

The court filed findings of fact accepting the agreed statement and making it and the policy a part of the findings by reference and found that at the time the animal was destroyed, a condition existed of incurable illness or injury not specifically excluded under the certificate of insurance, also that the plaintiff did not fail to conform with any of the conditions set forth under "conditions voiding certificate." None of the aforesaid findings were excepted to and no question is here raised about the method adopted by the court. Counsel conceded on argument that all facts shown by the statement and the policy might be taken as facts. So that the merits of the question argued may be decided, we so treat them. See *Bardwell v. Commercial Union Assurance Co. Ltd.,* 105 Vt 106, 111, 163 A 633.

Further findings of the court were as follows:

"4. The letter of Dr. Perry fulfills, in substance, the requirement of paragraph (f) in the Certificate of Insurance, regarding the providing of a certificate that destruction was necessary in order to immediately relieve incurable suffering."

"5. The defendant is liable to the plaintiff under section (f) of the Certificate of Insurance."

The defendant excepted to finding number 4 upon the ground that the letter of Dr. Perry does not fulfill in substance the requirement of paragraph (f) in that the letter does not certify that destruction was necessary in order to immediately relieve incurable suffering as provided in said paragraph but, on the contrary, specifically states that, "the acute pain in this disease subsides after the cataracts are completely formed, as in her case." Finding number

5 was excepted to on the ground that the defendant is not liable under section (f) as its provisions were not complied with.

Findings 4 and 5 are plainly conclusions of law and cannot stand if they are inconsistent with the findings upon which they are based. *Abatiell* v. *Morse,* 115 Vt 254, 259, 56 A2d 464, and cases cited.

Insurance on livestock is regarded as a contract by which the insurer agrees to indemnify the insured against such loss as he may sustain by reason of injury to or the death of livestock by the happening of specified risks or causes. 38 C. J., Livestock Insurance, P. 99, § 1.

In order that there may be a recovery on the policy, the loss of or injury to the insured livestock must result from the particular peril against which the insured is indemnified. 45 CJS, Insurance, P. 963, § 890; 38 CJ, Livestock Insurance, P. 106, § 18. The burden is on the plaintiff to prove this fact. 38 CJ, Livestock Insurance, P. 110, § 27; 46 CJS, Insurance, P. 460, § 1321; *Carpenter* v. *Security Fire Insurance Co.,* 183 Iowa 1226, 168 NW 231; *Tripp* v. *Northwestern Livestock Ins. Co.,* 91 Iowa 278, 59 NW 1.

The burden is on the plaintiff suing on a policy of livestock insurance to prove he has complied with all the conditions of the policy. Appleman, Insurance Law and Practice, Vol. 21, P. 122, § 12239. Here the furnishing of the certificate of the veterinarian in accordance with item (f) was a condition precedent to recovery. The burden was on the plaintiff to show a compliance therewith or an excusable reason for non-compliance.

The only question in the instant case is: Does the certificate furnished comply with the terms of item (f)? This presents the question: What is meant by the words "necessary in order to immediately relieve incurable suffering" so that destruction is justified?

There are some general rules applicable to the construction of insurance policies. The language of the policy is to be strictly construed against the insurer, although the entire contract is to be construed together for the purpose of giving force and effect to each clause. Equivocation and uncertainty are to be resolved in favor of the insured and against the insurer. If clear and unambiguous the provisions must be given force and effect. *Allen* v. *Berkshire Mutual Fire Ins. Co.,* 105 Vt 471, 474-5, 168 A 698, 89 ALR 460, and cases cited. The construction must be reasonable and not such as to deprive the insurer of the benefit of an unambiguous

provision placed therein for its protection. *Corsones, Admr.* v. *Monarch Accident Ins. Co.,* 103 Vt 379, 381, 154 A 693, and cases cited. It is the general rule that when the terms of a contract of insurance are ambiguous or fairly susceptible of two different constructions, that construction will be adopted that is most favorable to the insured; however, it is equally well settled that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are plain and unambiguous, their terms are to be taken in their plain, ordinary and popular sense. *Johnson* v. *Hardware Mutual Casualty Co.,* 108 Vt 269, 277, 187 A 788.

The key words in the instant case in ascertaining the meaning of the provision under consideration are, "Necessary", "Immediately" and "suffering". They must all be given effect. We spend no time on "incurable" as the parties are in agreement that the illness or affliction of the horse was incurable.

■ The word "necessary" must be construed in the connection in which it is used. It is a word susceptible of various meanings. *City of Baltimore* v. *Chesapeake & P. Tel. Co.,* 92 Md 692, 48 A 465, 468. The word "necessary" has different significations, meaning sometimes, indispensably requisite, at others, needful, requisite, incidental or conducive to. *Chambers* v. *City of St. Louis,* 29 Mo 543, 576. The ordinary definition of the word "necessary" indicates something indispensable and which cannot be disregarded or omitted. *John Wanamaker, New York, Inc.* v. *Otis Elevator Co.,* 186 App Div 655, 175 NYS 78, 82. For various definitions of its meaning, depending upon the context with which it is used, see Words & Phrases, Vol. 28, Page 161 et seq.

■ When a pivotal word is not defined either in the policy or the application it is permissible for the court to take judicial notice of its meaning as given in standard works, such as dictionaries. *New York Life Ins. Co.* v. *Calhoun,* 97 F2d 896. Webster's New International Dictionary defines "Necessary" as "Unavoidable, impossible to be otherwise or to be dispensed with." Funk & Wagnalls New Standard Dictionary defines it as "that which cannot be otherwise, impossible to avoid, inevitable, as a necessary event; indispensably requisite or absolutely needed to accomplish a desired result." The word "necessary" is defined by lexicographers as synonymous with "Indispensable", "unavoidable" or "that which must be". *Town of Old Town* v. *Dooley,* 81 Ill 255.

In the instant case the word "necessary" is qualified by the phrase "in order to immediately relieve". Webster's New International Dictionary defines "immediately" as "without interval of time, without delay, straightway, instantly, at once". Funk & Wagnalls New Standard Dictionary defines it as "Without lapse of time, instantly, at once." Thus qualified by the context with which it is used, we hold that "necessary" as used in item (f) means indispensable, unavoidable or impossible to be dispensed with.

"Suffering" is defined in Webster's New International Dictionary as "the bearing of pain, inconvenience or loss; also a pain endured, a distress, loss or injury incurred, as sufferings by pain or sorrow, sufferings by want or sorrow." Funk & Wagnalls New Standard Dictionary defines it thus, "a state of anguish or pain, misery or loss; also the pain thus borne, distress, injury, misery, loss. Syn. agony, pain." The New Century Dictionary defines it thus, "The undergoing of pain or distress or a particular instance of this."

In *National Live Stock Ins. Co.* v. *Elliott,* 60 Ind App 112, 108 NE 784, the veterinarian described the horse in the following terms, "Her intestines were torn into, * * * * She was bleeding to death and suffering great pain * * * * and in great misery in the sun." He killed her. The court in holding the killing justified and the insurance collectible used this language, "The animal was in a suffering, dying condition and there was no possibility of her recovery. Under such circumstances every interest of humanity dictated that the veterinary surgeon and the owner of the animal should do exactly what they did * * * end the suffering. * * * The act * * * was but humane."

In *Live Stock Ins. Assoc. of Huntington* v. *Edgar,* 56 Ind App 489, 105 NE 641, it appeared that the horse had a broken leg, the bone was splintered and shattered and parts of it protruded through the flesh and skin of the leg. It was suffering great pain and misery. It was held the killing was justified and the insurance collectible.

The plaintiff relies upon some statements in the opinion in the case of *Donnelly* v. *Underwriting Members of Lloyd's,* 51 Cal App 2d 739, 117 P2d 419, 125 P2d 530. The provisions of the policy in that case were much different than the one under consideration here. For that reason, if for no other, the case is distinguishable. Also, in that case recovery was denied, so such statements as the plaintiff relies on were but dicta.

In *Tripp* v. *Northwestern Live-stock Ins. Co.,* 91 Iowa 278, 59 NW 1, 2, the horse had a disease from which it could not recover and the plaintiff claimed that as an act of mercy and to prevent its suffering a veterinary surgeon sent by the company to treat the horse directed that it be killed which was done. It appeared that this veterinarian told the plaintiff that the horse was worthless and never would be worth anything and could not recover and he thought it best to kill him, that the disease would prove fatal, that he was liable to drop dead at any time and would die within a few days at the furtherest and he would advise taking the horse out and shoot him. The horse was killed. Death occurred a short time before the policy expired. The court in denying liability said, "It is not shown that the horse was in pain, nor that his death was required as an act of mercy to relieve his suffering."

■ In *New York Life Ins. Co.* v. *Calhoun, supra,* in discussing the meaning of the word "suffered" and after quoting the meaning of the word from various dictionaries the court said, "Plainly the customary use of the word indicates some experience of conscious pain." This Court is of the opinion that it is true when the word is applied to the condition of a horse.

■ The word "suffering" as here used in the expression under consideration must be construed with the context with which it is used. To justify the destruction of the animal it must be such suffering that destruction is indispensable for immediate relief. We hold that means there must be conscious suffering. In other words the condition must be so acute as to demand action at once and without delay in order to put the horse out of misery.

Does the certificate of the veterinarian comply with the requirements of item (f)? We think not. It negatives acute pain. If we give any effect, which we must do, to what is said about not keeping the horse for breeding purposes because of the inherent tendency toward transmission of the weakness to offspring it somewhat negatives the necessity of immediate destruction. If immediate destruction was necessary then there is no place for any thought of keeping for breeding purposes. Again, all he says is that in his opinion the animal should be destroyed. That is some distance from saying that destruction is necessary. Furthermore, the certificate shows that he examined the horse on February 10 and the certificate was not made until two days later, on February 12. That does not indicate that he felt at the time of the examination the

condition was such as to necessitate immediate destruction to relieve suffering. As we construe the certificate as a whole it does not show that "destruction is necessary in order to immediately relieve incurable suffering" within the meaning of those words in the policy.

The plaintiff has failed to show that the death of the horse was from a cause covered by the policy. The defendant's exceptions are sustained.

*Judgment reversed and judgment for the defendant to recover its costs.*