**FARM BUREAU MUTUAL AUTOMO-BILE (NATIONWIDE) INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**Richard L. GREIST, Alva O. Greist and Helen Greist, Defendants-Appellees.**

**No. 13, Docket 24512.**

United States Court of Appeals Second Circuit.

Argued Nov. 8, 1957.

Decided Jan. 20, 1958.

Edmunds, Austin & Wick, Burlington, Vt. (John Dinse, Burlington, Vt., of counsel), for plaintiff.

Latham & Peisch, Burlington, Vt. (John T. Ewing, Burlington, Vt., of counsel), for defendant Richard L. Greist.

Bloomer & Bloomer, Rutland, Vt., for defendants Alva Greist and Helen Greist.

Before SWAN, MEDINA and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

The sole question on this appeal is whether the trial court correctly construed a provision of the contract of insurance under which the rights of the parties are to be determined.

In May 1954 Alva and Helen Greist were visitors in the home of their son, Richard L. Greist, at which time Richard was insured in appellant insurance company under a comprehensive personal liability policy. During the visit, and while on the premises, Helen fell and broke her hip. Richard, although he knew of the accident and of the injury on the day that it happened, did not inform the appellant of the event until ten months later, in March of 1955, after Richard received a letter from a law firm notifying him that his mother was taking steps to enforce a claim against him arising out of this accident and injury.

The appellant brought this action praying for a declaratory judgment that it was not obligated under the policy because of the failure of Richard to notify it of the accident within a reasonable time after it happened. Reliance is placed upon Condition 4 of the policy which reads as follows:

"When an occurrence takes place written notice shall be given by or on behalf of the Insured to the Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the occurrence, the names and addresses of the injured and of available witnesses."

The District Court held that the use of the word "occurrence" in the first sentence of Condition 4 created an ambiguity in the contract in that the word might refer not only to the accident upon which the insured's liability was based but also to receipt by the insured of the claim against him. Applying the rule that ambiguities in the terms of an insurance contract will be construed in favor of the insured, the court ordered the appellant to defend the suit which by then had been brought by Alva and Helen Greist against their son, Richard, and to pay any judgment rendered against the insured.

The District Court correctly stated the rule to be applied to ambiguous terms in an insurance contract, Abraham v. Insurance Company, 1951, 117 Vt. 75, 84 A.2d 670, 29 A.L.R.2d 783; but we cannot agree with the determination that the use of the word "occurrence" created an ambiguity in the notice provision of the policy. The terms of an insurance contract are to be given a reasonable construction, Corsones v. Monarch Accident Ins. Co., 1931, 103 Vt. 379, 154 A. 693, dependent upon the common understanding of their meaning, Johnson v. Hardware Mutual Casualty Co., 1936, 108 Vt. 269, 187 A. 788, and the context in which they appear. Abraham v. Insurance Co., supra. The first sentence of Condition 4 clearly and unequivocally imposes upon the insured the obligation of notifying the company "as soon as practicable" of "an occurrence" which is within the coverage of the policy. The second sentence of Condition 4 provides that "Such notice" [i. e., the notice of an occurrence provided for in the previous sentence] "shall contain * * * reasonably obtainable information respecting the time, place and circumstances of the occurrence * * * ". To construe "occurrence" as receipt of a claim would render this latter sentence meaningless. The insured knew of the accident to his mother on the date it occurred, and also promptly knew of the resulting serious injuries she suffered. We hold that the

word "occurrence" as used in Condition 4 relates to the event upon which the insured's liability is alleged to exist, that is, the accident that befell Helen Greist in May 1954.

Reversed.