In re Porter Medical Associates Use Change Permit

[423 A.2d 491]

No. 70-80

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1980

*Robert H. Moyer* of *Conley & Foote,* Middlebury, for Plaintiff.

*Chester S. Ketcham* and *Robert M. Butterfield,* Middlebury, for Defendants.

**Billings, J.** Porter Medical Associates appeals from an order of the Addison Superior Court denying a zoning use change permit.

The appellant, a Vermont partnership composed of five physicians, sought a use change permit pursuant to the Middlebury zoning ordinances to allow a portion of its office building to be used as a pharmacy, which would be open to the public for the sale of prescription and nonprescription drugs. The appellant's building is located within the college district, and is a permitted use under § 603(f) of the Middlebury zoning ordinance. A use change permit is necessary here because a retail or commercial establishment is not permitted within

the college district unless it is an accessory use to the permitted principal use. The Middlebury zoning administrator denied the permit. The appellant then sought review by the zoning board of adjustment, which issued the permit subject to certain conditions not here pertinent. Several land owners in the immediate area appealed, as interested persons, to the Addison Superior Court. The court held that a pharmacy is not an accessory use to a physicians' office building and denied the permit.

Section 302(1) of the Middlebury zoning ordinances defines accessory use as "a building or use incidental, subordinate and reasonably necessary to the conduct of the principal building or use and located on the same lot as the principal building." The ordinance provides that an accessory use must meet four specific requirements. It must be: (1) incidental, (2) subordinate, and (3) reasonably necessary to the principal use and (4) located on the same lot as the principal use. The trial court determined that the appellant met three of these requirements, but that the use was not reasonably necessary to the functioning of a physicians' office building.

■■ The terms and words used in a zoning ordinance should be construed according to their common and ordinary meanings. *Glabach* v. *Sardelli,* 132 Vt. 490, 494, 321 A.2d 1, 4 (1974); 5 P. Rohan, Zoning and Land Use Controls § 36.03[4][a] (1978). The term "reasonably necessary," as it pertains to the Middlebury zoning ordinance, is, therefore, not susceptible to a broad definition. The word "necessary" may have different meanings, but the ordinary definition, and the one we adopt here is: "Essential to a desirable or projected end or condition; not to be dispensed with without loss, damage, inefficiency, or the like . . . ." Webster's New International Dictionary (2d ed. 1959); *Abraham* v. *Insurance Company of North America,* 117 Vt. 75, 80, 84 A.2d 670, 673 (1951). It is clear from the plain meaning of the words that as a matter of law a pharmacy is not a reasonably necessary accessory use to a physicians' office building.

*Affirmed.*