39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John P. SALAS, Plaintiff-Appellant,
v.
The MINNESOTA MUTUAL LIFE INSURANCE COMPANY, a corporation,
Defendant-Appellee.
 No. 93-55580.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1994.
Decided Oct. 24, 1994.
 
 Before: FLETCHER, BOOCHEVER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John P. Salas appeals the entry of summary judgment denying his claims against Minnesota Mutual Life Insurance Company. Salas injured his shoulder when he suffered an alcohol-related seizure and fell off a bench. He argues that the district court erred in holding that Minnesota Mutual did not breach the insurance contract and did not act in bad faith when it denied his claim for disability benefits on the ground that the injury was caused by sickness and not by an accident. We affirm.
 
 
 3
 1. Salas had the burden of demonstrating that his injury was proximately caused by an accident rather than by an illness. See Weil v. Federal Kemper Life Assurance Co., 7 Cal.4th 125, 148, 27 Cal.Rptr.2d 316, 330, 866 P.2d 774, 788 (1994). In this context, the proximate cause of his injury is "the prime or moving cause" or the cause "which set in progress the chain of events leading directly" to that injury. See Brooks v. Metro. Life Ins. Co., 27 Cal.2d 305, 309-10, 163 P.2d 689, 691 (1945); McMackin v. Great Am. Reserve Ins. Co., 22 Cal.App.3d 428, 439, 99 Cal.Rptr. 227, 234 (1971); Johnson v. Aetna Life Ins. Co., 221 Cal.App.2d 247, 256-57, 34 Cal.Rptr. 484, 489-90 (1963); Happoldt v. Guardian Life Ins. Co. of Am., 90 Cal.App.2d 386, 396-98, 203 P.2d 55, 60-61 (1949); Hanna v. Interstate Business Men's Accident Ass'n, 41 Cal.App. 308, 310, 182 P. 771, 772 (1919).
 
 
 4
 It is undisputed that Salas suffered a seizure brought on by alcohol withdrawal, that the seizure caused him to lose consciousness and fall off the bench, and that his shoulder injury resulted from the fall. Salas argues that the fall was, in and of itself, an accident. Thus, he reasons, there must be coverage. California law is not quite that simplistic. See Wharton v. Prudential Ins. Co. of Am., 122 Cal.App.2d 857, 863-64, 265 P.2d 956, 960 (1954). California would ask what caused the fall. Of course, the fall was caused by the seizure, but California would not stop there either. Id.; see Nash v. Prudential Ins. Co. of Am., 39 Cal.App.3d 594, 598-600, 114 Cal.Rptr. 299, 302-03 (1974). It would ask what caused the seizure. Here there can be no doubt that the seizure was a withdrawal symptom of Salas' alcoholism. There is no contention in this case that alcoholism is anything but an illness. Salas' point was that the fall itself was an accident regardless of its cause. The applicable California law is to the contrary. If the fall was caused by an illness, he cannot recover. Here it must be taken to have been.
 
 
 5
 In so stating we are not unaware of United States Fidelity & Guar. Co. v. Blum, 270 F. 946, 954-58 (9th Cir.1921); cf. United States Fidelity & Guar. Co. v. Blake, 285 F. 449, 451 (9th Cir.) (insured could not recover if he fell from a window due to illness), cert. denied, 262 U.S. 748, 43 S.Ct. 523, 67 L.Ed. 1213 (1923). But Blum was not decided on the basis of California law. Because it predated Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), it relied on federal law.
 
 
 6
 In fine, for our purposes Salas was injured due to an illness--alcoholism. He was not entitled to recover on his disability policy.
 
 
 7
 2. Because Salas' claim was properly denied, it follows as the night the day that Salas cannot maintain his action for breach of the covenant of good faith and fair dealing. See Lunsford v. American Guar. & Liab. Ins. Co., 18 F.3d 653, 656 (9th Cir.1994). Minnesota Mutual did investigate. Cf. Egan v. Mutual of Omaha Ins. Co., 24 Cal.3d 809, 819, 169 Cal.Rptr. 691, 696, 620 P.2d 141, 146 (1979), cert. denied, 445 U.S. 912, 100 S.Ct. 1271, 63 L.Ed.2d 597 (1980). Minnesota Mutual also reached the correct conclusion.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Salas complains about the district court's denial of a continuance pursuant to Fed.R.Civ.P. 56(f). But he sought to explore matters that are not relevant to the question of whether his injury was caused by an illness. The district court did not abuse its discretion. See Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991)