ANNIE M. FREEMAN *vs.* MERCANTILE MUTUAL ACCIDENT ASSOCIATION.

Suffolk.   March 14, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Accident Insurance — Death — Meaning of Policy — Instructions to Jury.*

The condition in a policy of insurance providing for payment was proof that the insured should have sustained bodily injuries through external, violent, and accidental means, within the intent of the by-laws of the association and the conditions of the policy, and such injuries should have occasioned death within ninety days.   The conditions referred to were that benefits should not extend to any case in which there should be no symptom or visible sign of bodily injury, nor in which death or disability occurred from disease or from any surgical operation, or medical or mechanical treatment, unless undertaken to relieve injuries entitling the member to the benefits of the association, "nor to any case except where the injury is the proximate cause of the disability or death."   The insured, who died of peritonitis localized in the region of the liver, and induced by a fall, had previously had peritonitis in the same part, and the previous disease had produced effects which rendered him liable to a recurrence of it.   In an action upon the policy by the widow of the insured, the judge charged the jury that the question whether peritonitis, if that caused his death, was to be deemed a disease, and the proximate cause of death within the meaning of the policy, depended upon the question whether or not before and at the time of the fall he was suffering with the disease.   If he was, then, although the disease was aggravated and made fatal by the fall, he could not recover; but if, owing to existing lesions caused by the disease, he not having the disease at the time, peritonitis was started, the defendant was answerable, although, if there had been a normal state of things, the fall would

not have occasioned such a result. *Held,* that this ruling gave an interpretation to the language of the policy which was in accordance with the apparent intention of the parties, and which made the contract a beneficent provision for the beneficiaries named in it.

Although the defendant's exception to a refusal to instruct the jury was not argued, and was understood to be waived, the court observed that the instruction given on the point was sufficiently favorable to the defendant.

KNOWLTON, J.    The plaintiff claims under a policy or certificate of insurance issued to Knowles Freeman, containing a provision for payment to her of a sum not exceeding five thousand dollars in case of his death from an accident, and also a provision for a weekly payment to him as an indemnity against loss of time if he should be disabled by an accident. The condition on which the plaintiff is entitled to payment is stated in the policy to be upon "proof that the said Knowles Freeman shall have sustained, during the continuance of his membership, bodily injuries effected through external, violent, and accidental means, within the intent and meaning of the by-laws of said association, and the conditions herein recited, and such injuries alone shall have occasioned death within ninety days from the happening thereof." The first part of the second paragraph of the conditions above referred to is as follows: "That benefits under this certificate shall not extend to any case in which there shall be no symptom or visible sign of bodily injury; nor to any case in which death or disability occurs in consequence of disease, or which may have been caused by any surgical operation, or medical or mechanical treatment, unless the said operation or treatment shall have been undertaken for the relief of injuries which entitle the member to the benefits of this association, nor to any case except where the injury is the proximate cause of the disability or death."

It was proved that Knowles Freeman died of peritonitis localized in the region of the liver, and the evidence tended to show that it was induced by a fall. There was also evidence indicating that he had previously had peritonitis in the same part, and that the previous disease had produced effects which rendered him very liable to a recurrence of it. The report presents questions arising on the defendant's requests for rulings which relate to the portions of the policy above quoted. The defendant contends that it is not liable in case of a death from disease, even

if the disease is caused by an accident.   The principal question in the case is, What kind of cause is to be deemed proximate within the meaning of the policy?   Where different forces and conditions concur in producing a result, it is often difficult to determine which is properly to be considered the cause, and, in dealing with such cases, the maxim, *Causa proxima non remota spectatur*, is applied.   But this does not mean that the cause or condition which is nearest in time or space to the result is necessarily to be deemed the proximate cause.   It means that the law will not go farther back in the line of causation than to find the active, efficient, procuring cause, of which the event under consideration is a natural and probable consequence, in view of the existing circumstances and conditions.   The law does not consider the cause of causes beyond seeking the efficient predominant cause, which, following it no farther than those consequences that might have been anticipated as not unlikely to result from it, has produced the effect.   An injury which might naturally produce death in a person of a certain temperament or state of health is the cause of his death, if he dies by reason of it, even if he would not have died if his temperament or previous health had been different; and this is so, as well when death comes through the medium of a disease directly induced by the injury, as when the injury immediately interrupts the vital processes.

Most of the requests for rulings were founded upon a different theory of the law, and were rightly refused.   On this part of the case the presiding justice, after having explained and elaborated his views, summed up as follows: "The question as to whether peritonitis, if that caused his death, is to be deemed a disease within the meaning of this policy, and the proximate cause of death within the meaning of this policy, so as to prevent a recovery, depends upon the question whether or not before the time of the fall, and at the time of the fall, he had then the disease, — was then suffering with the disease.   If he was, then in the sense of the policy, although aggravated and made fatal by the fall, he cannot recover.   But if, owing to existing lesions caused by that disease, but not having the disease at the time, the same kind of malady, that is, peritonitis, was started up, the company are to be answerable, although, if there had been a normal state of things the fall would not have occasioned such

a result." This ruling gives an interpretation to the language of the policy which is in accordance with the apparent purpose and intention of the parties, and which makes the contract a beneficent provision for the beneficiaries named in it. It is also in harmony with the general course of decisions. *Marble* v. *Worcester*, 4 Gray, 395, and cases cited. *McDonald* v. *Snelling*, 14 Allen, 290. *Perley* v. *Eastern Railroad*, 98 Mass. 414. *Metallic Compression Casting Co.* v. *Fitchburg Railroad*, 109 Mass. 277. *National Benefit Association* v. *Grauman*, 107 Ind. 288. *North American Ins. Co.* v. *Burroughs*, 69 Penn. St. 43. *Sheanon* v. *Pacific Ins. Co.* 77 Wis. 618. *Insurance Co.* v. *Tweed*, 7 Wall. 44. *Insurance Co.* v. *Seaver*, 19 Wall. 531. To adopt the view contended for by the defendant would make the policy worthless to beneficiaries in many cases of death where an injury resulting from an accident was the efficient cause.

The court also refused to instruct the jury " that within the meaning of the policy there must be visible and external signs of injury effected through external, violent, and accidental means, and that such injury alone occasioned death, in order to enable the plaintiff to recover." The exception to this refusal has not been argued, and we understand it to be waived. The instruction given on this point was sufficiently favorable to the defendant.* *Paul* v. *Travelers' Ins. Co.* 112 N. Y. 472. *McGlinchey* v. *Fidelity & Casualty Co.* 80 Maine, 251.

*Judgment on the verdict.*

*E. Avery & A. E. Avery*, for the defendant.

*A. Hemenway*, (*F. E. Fitz* with him,) for the plaintiff.

---

* The presiding justice instructed the jury, " that, under the policy, it was not absolutely essential that there should be any external signs of injury. . . . In order to entitle her to recover, she must show by affirmative proof, not only that Knowles Freeman came to his death within ninety days from the happening of an accident, and that by that accident he sustained bodily injuries which were effected through external, violent, and accidental means, and that those injuries alone occasioned his death, but she must show further that there was some symptom or visible sign of bodily injury. I am asked to say by the defendant that that must be an external sign. I decline to say that, and rule, on the other hand, that if there were symptoms or signs which would become visible, and did become visible upon examination, by being able to inspect the interior of the body, it would be sufficient, whether that examination was made before or after death."