BELLE MARVIN, APPELLANT, v. YEOMAN MUTUAL LIFE INSURANCE CO., RESPONDENT.—91 S. W. (2d) 176.

Kansas City Court of Appeals. February 17, 1936.

*Isadore Rich, Murray D. Schwartz* and *Meyer M. Rich* for appellant.

*Boxley, Hillix & Hodges* and *Jackson K. Hurd* for respondent.

CAMPBELL, C.—This action is based upon a contract of life and accident insurance issued by the defendant's predecessor to Boyd Junius Marvin, hereinafter called insured. The contract provided that in event of the death of insured from natural causes the sum of $1,000 would be paid to plaintiff, the beneficiary named in the contract, and that if the death of the insured "was solely and proximately caused by external, bodily, accidental injury . . ." an additional $1,000 would be paid to the plaintiff.

The insured died November 24, 1933, from the effects of corrosive sublimate taken by him through mistake. The defendant thereupon paid the plaintiff the indemnity provided in event death resulted from natural causes and refused to pay the additional $1,000 above mentioned. At the close of plaintiff's evidence the jury under the peremptory direction of the court returned a verdict in favor of the defendant. The plaintiff has appealed from the judgment entered upon the verdict.

The parties agree that the sole question to be determined on this appeal is whether or not the death of the insured was caused by "external, bodily, accidental injury." The plaintiff says that "death, resulting from the taking of the poison without suicidal intent, is by external, violent and accidental means."

In the case of Dozell v. Fidelity & Casualty Co., 176 Mo. 253, 75 S. W. 1102, the court held that a death caused by the effects of an overdose of morphine accidentally administered was a death caused by "external, violent and accidental means." That ruling is in harmony with other decisions in this State and with holding in other jurisdictions. Those cases, however, announce that "the term 'external' refers to the means of the injury and not the injury itself." The plaintiff also contends that the terms "external means" and "external injury" are synonymous.

In the case of Driskell v. U. S. Health & Acc. Ins. Co., 93 S. W. 880, the court considered the sufficiency of a petition in which it was charged that the policy sued upon insured against death "by external, violent and accidental means" and that insured "while engaged in the performance of his duties was accidentally injured by

scalding water falling and escaping, from the engine about which he was at work,'' into his right ear, from the effects of which he died. The court held that the petition stated a cause of action. The facts charged show that the *means* were external though the fatal effect was internal. The meaning of the term ''external injury'' was not an issue in the case.

In the case of Goodes v. Order of United Commercial Travelers, 156 S. W. 995, the policy considered by the court contained the usual provision insuring against ''bodily injuries effected through external, violent and accidental means. . . .'' In that case the insured was injured in a fall. Immediately after the fall blood oozed from his nose and one ear. There was evidence tending to show that the hemorrhage from the ear and nose was caused by a fracture of the skull. The defense was that death was caused by disease. In the instant case plaintiff contends that in the Goodes case, supra, the court decided that the terms ''external injury'' and ''external means,'' are identical in meaning. We quote from the Goodes case as follows:

''. . . there was testimony of a very substantial kind warranting the jury in finding that the death was the result of external injuries alone, received in, the result of, an accident. . . .''

''In the Beile case (135 S. W. 497), we referred to and quoted approvingly, Driskell v. United States Health & Accident Insurance Company, 93 S. W. 880. There the policy provided, in effect, that it was payable only and in case death should result from external injuries.''

The court in speaking of the cause of death used the words ''external injuries'' and said that the policy involved in the Driskell case, supra, provided in effect that the benefit ''was payable only in case death should result from external injuries.'' The meaning of the term ''external injuries'' was not in issue in the Goodes case, hence, the mere casual use of the term is of no value in determining the issue involved in the suit at bar.

There is a marked difference between a clause in a policy insuring against accidental injuries and a clause insuring against injuries by accidental means. [Caldwell v. Travelers Ins. Co., 305 Mo. 619, 267 S. W. 907; Landress v. Phoenix Mutual Life Ins. Co., 291 U. S. 491; Maryland Casualty Co. v. Massey, 71 A. L. R. 1428; Ogilvie v. Aetna Life Ins. Co., 209 Pac. 26.]

In the present case the contract insured against death caused by external, accidental injury, not death caused by external, accidental means. Though the *means* which caused death were external the *injury* was internal. Were we to sustain the plaintiff's contention we would in result write the word ''means'' into the insuring clause of

the contract. This, of course, we cannot do. The judgment is affirmed. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. *Shain, P. J.,* and *Bland, J.,* concur.