## NELSON v. BUSINESS MEN'S ASSUR. CO. OF AMERICA.

### No. 6955.

Circuit Court of Appeals, Seventh Circuit.

Nov. 15, 1939.

Rehearing Denied Dec. 22, 1939.

Edgar F. Thoma, of Elmhurst, Ill., and James F. Wright, of Chicago, Ill., for appellant.

Arthur S. Lytton and Olaf A. Olson, both of Chicago, Ill. (Harzfeld, Beach & Gordon, of Kansas City, Mo., of counsel), for defendant-appellee.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff, as the named beneficiary, sued the defendant on an accident insurance policy on the life of William John Nelson. There was a trial before a jury. At the conclusion of all the evidence the court instructed the jury to return a verdict against the plaintiff, and judgment was entered thereon. To reverse the judgment, plaintiff appealed.

The policy insured the deceased against loss resulting solely from bodily injuries effected directly and independently of all other causes through accidental means.

The evidence discloses, without contradiction, that prior to May 16, 1936 the insured, 45 years of age, was able-bodied and appeared to be healthy, had been continually employed, and had never required the services of a physician except for an attack of influenza many years before his death.

On May 16, at about 1:30 P. M., the insured and his son were endeavoring to remove linoleum from the kitchen floor of his home. A gas range was upon the linoleum, to the left of a door leading out from the rear of the kitchen. To remove the linoleum, it was necessary to raise the stove.

The insured stood on the threshold of the kitchen door, his right hand placed against the door jamb for support. He leaned forward, turning his body to the right, and reached down with his left hand to lift the stove. While lifting one end of it, he slipped on or off the threshold, striking the right side of his abdomen against the door jamb. He exclaimed "Oh", that he was hurt, and complained of violent pains. At about 3 o'clock he was driven to a doctor's office; not finding the doctor in, he was returned to his home. That evening he complained of being ill, vomiting many times and perspiring freely. About 3 A. M., May 17, the physician examined the insured and directed that he be taken to a hospital. At 11 o'clock he was operated upon and was found to have a ruptured gall bladder. He died on May 23 of peritonitis, which followed the rupture of the gall bladder.

The medical testimony on behalf of the plaintiff tended to prove that the insured was examined at about 7 P. M. on May 16. His temperature and pulse were normal and no tenderness or bruises were found over the abdomen. Between 3 and 4 A. M. on May 17 the physician called at the insured's home and found him in severe pain, his temperature low, and the abdomen very rigid. He ordered the insured to a hospital. About 7 A. M. the physician decided it was a surgical case and operated by making a mid-line incision in the upper abdomen. He found a ruptured gall bladder. The bladder was friable, several stones were embedded in the wall of the bladder, and there was considerable bile in the abdomen.

From answers to hypothetical questions propounded to medical experts it appears that a person suffering from a chronic gall bladder infection might live on indefinitely and die from other causes; and it also appears that the lifting of the stove and the falling against the door frame, either or both of those elements, might or could have brought about the condition resulting in the insured's death.

Upon cross-examination of one of the physicians he stated that the diseased condition of the insured's gall bladder contributed to the rupture of it.

The medical experts for the defendant testified that falling against a door or lifting a stove will not cause the rupture of a normal gall bladder.

The contention is made that the court erred in directing the jury to find for the defendant, plaintiff claiming that Nelson's death was due solely to accidental means and that the evidence was such as would warrant the court in submitting the case to the jury.

The defendant on the other hand insists that it was the pre-existing diseased condition of the insured's gall bladder which contributed to his death, and counsel contends that plaintiff failed to establish that the rupture of the bladder was caused by bodily injuries effected solely by accidental means.

A question of law is thus presented which calls for a consideration of the record, not for the purpose of weighing the evidence, but for the purpose of determining whether there was some evidence. In the consideration of such a question, it is the duty of the court to take that view of the evidence, and all the inferences that may be properly drawn therefrom most favorable to the plaintiff, and, if the evidence is of such a character that reasonable men in a fair and impartial exercise of their judgment may reach different conclusions, then the case should be submitted to the jury.

The identical clause involved in this case was construed by the court in Scanlan v. Metropolitan Life Ins. Co., 7 Cir., 93 F.2d 942. In that case the evidence showed that the deceased had varicose veins in his injured leg before the accident, and that his death was caused in part by bodily infirmity. The court said, 93 F.2d at page 946:

"One may recover on an accident policy such as here in issue although the insured suffers from bodily infirmities. If the accident brought about conditions from which death resulted, the fact that the insured was ill, aged or infirm, or had bodily or mental infirmities, would not bar recovery provided the accident excited the bodily infirmity into activity and death resulted. If the infirmity alone would not have caused death, it cannot be said to have caused death when the immediate result was occasioned by an infirmity which became active only because of the accident. The infirmity may have made the insured less able to resist, but if the accident caused the condition which in turn affected the weak spot which did not resist as well as a healthy body, the cause is nevertheless the accident, and recovery cannot be avoided or evaded. [Citing Cases.]"

See, also, Hibbs v. United States Fidelity & Guaranty Co., 262 Ill.App. 279; Paoli v. Loyal Protection Ins. Co., 289 Ill.App. 87, 6 N.E.2d 909; and Rebenstorf v. Metropolitan Life Ins. Co., 299 Ill.App. 71, 19 N.E.2d 420, appeal denied by Supreme Court 299 Ill.App. xvii.

To us it seems clear from this record that plaintiff's evidence tended to prove a prima facie case and the jury might have reasonably found, in a fair and impartial exercise of their judgment, that Nelson's death resulted solely from bodily injuries directly and independently of all other causes through accidental means.

For the reasons assigned the judgment is reversed and the cause is remanded for a new trial.