## PRUDENTIAL INS. CO. OF AMERICA v. McKEEVER.

### No. 1195.

Municipal Court of Appeals
District of Columbia.

Argued April 7, 1952.

Decided May 19, 1952.

John M. Lynham, Washington, D. C. (Arthur P. Drury and John E. Powell, Washington, D. C., on the brief), for appellant.

Jo V. Morgan, Jr., Washington, D. C. (John J. Carmody and Hubert A. Schneider, Washington, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Plaintiff sued as beneficiary of two insurance policies issued by defendant on the life of her husband, James McKeever. The policies provided that if the death of the insured occurred, " * * * as a result, directly and independently of all other causes, of bodily injuries effected solely through external, violent and accidental means the Company will pay, [double indemnity] subject * * * to the conditions and exceptions specified * * *." The "conditions and exceptions" were that "no such benefit shall be payable if such death results * * * directly or indirectly from bodily or mental infirmity or disease in any form * * *." Upon the death of the insured defendant paid the face amount of the policies but refused to pay double indemnity. Plaintiff brought this action and recovered a verdict. The case has been brought here on appeal by the insurance company which contends that on the evidence and under the terms of the policies plaintiff was barred from a recovery of double indemnity.

The evidence disclosed that James McKeever, the deceased, was struck during a fight with his son-in-law, during which McKeever fell or was knocked to the ground. He was taken in an ambulance to a hospital and there was pronounced dead soon after the time of the fracas. An autopsy was performed by a deputy coroner who was a witness for the plaintiff. The testimony of this witness was that McKeever came to his death "as a result of congestive heart failure and cardio-vascular disease, the cardio-vascular disease meaning disease of the heart and associated blood vessels." He also said, "This man had a sclerosis, which is a hardening of the coronary arteries in the heart, of long duration; and he had an inflammatory condition, fibrosis, of long duration, involving the myocardium, which is the musculature of the heart; and of the endocardium, which is the lining of the heart." It was the doctor's opinion that some trauma (injury) to the face evidenced by a contusion, had a tendency to aggravate his pre-existing condition to such an extent as to bring on death; that the blow was a contributory

cause of his death. The doctor testified that the heart condition was of such long standing and far enough advanced that it could of itself have caused McKeever's death. He also said that the contusion alone was not sufficient to cause death and that the heart condition was the immediate cause of his death. This was the only medical evidence as to the cause of death. Although defendant insurance company moved for a directed verdict, the case was allowed to go to the jury which found for the plaintiff.

Appellant contends that the only evidence as to the cause of death brought the case within the disease exclusionary clauses and therefore there was no evidence to support a verdict for plaintiff. Directly controlling this situation is Railway Mail Ass'n v. Stauffer, 80 U.S.App. D.C. 278, 152 F.2d 146. There the disease exclusionary clause provided, "There shall be no liability whatever when disease, defect or bodily infirmity is a contributing cause of death." The court denied recovery, holding that there was no showing of an "accident" within the meaning of the policy, and went on to say, "Not only is there a complete absence of evidence that any external accidental means produced Stauffer's hemorrhage, but also it appears clearly that he had a bodily infirmity [hernia] which was a contributing cause of death, in which event the certificate of insurance stipulates that there shall be no liability whatever."

The policy before us is even stronger in favor of the insurer. It states the exclusion two ways. Not only does it require the beneficiary to prove that the death occurred " * * * as a result, directly and independently of all other causes, of bodily injuries effected solely through external, violent and accidental means", but it also specifically provides that no double indemnity "shall be payable if such *death* results * * * directly or indirectly from bodily or mental infirmity or disease in any form * * *." (Emphasis supplied.) Thus it follows that when a fatality is found to have resulted from a disease or infirmity which was sufficient in itself to have caused the death, there can be no recovery even though the disease or infirmity was aggravated by an accidental injury which would not of itself have been fatal. This view is supported not only by the Stauffer case, supra, but also by White v. New York Life Ins. Co., 5 Cir., 145 F.2d 504; Bush v. Order of United Commercial Travelers, 2 Cir., 124 F.2d 528; Order of United Commercial Travelers v. Nicholson, 2 Cir., 9 F.2d 7.[1]

There is no merit in plaintiff's argument that if such a policy be read literally a beneficiary could never recover under a double indemnity provision. There would be a question for the jury if the evidence indicated that death could have resulted either from an accidental injury alone *or* from a pre-existing disease, or in other situations when the evidence is conflicting. Again, as the court said in the Bush case, supra [124 F.2d 530],[2] construing a restrictive clause not nearly as explicit as the one before us, "If there is no active disease, but merely a frail general condition, so that powers of resistance are easily overcome, or merely a tendency to disease which is started up and made operative, whereby death results, then there may be recovery even though the accident would not have caused that effect upon a healthy person in a normal state." The opinion goes on to say in language which seems directly applicable here: "To hold that a fall (no more severe than the one here) was a cause of death independent of the decedent's abnormal condition seems to disregard the plain meaning and purpose of the clause limiting the recovery of the insurance."

Plaintiff relies on Patterson v. Ocean A. & G. Corporation, 1905, 25 App.D.C.

1. Taking a different view are New York Life Ins. Co. v. Wilson, 9 Cir., 178 F.2d 534; Preston v. Aetna Life Ins. Co., 7 Cir., 174 F.2d 10. Cf. Commercial Casualty Ins. Co. v. Stinson, 6 Cir., 111 F. 2d 33.

2. Quoting from Cardozo, C. J., in Silverstein v. Metropolitan Life Ins. Co., 254 N.Y. 81, 171 N.E. 914, who in turn quoted from Rugg, C. J., in Leland v. Order of United Commercial Travelers, 233 Mass. 558, 564, 124 N.E. 517, 520.

46. But in that case there was no disease exclusionary clause such as we have here. And we think there is nothing in the reasoning in the opinion which requires a different ruling here especially in view of the language in the much more recent Stauffer decision.[3]

In deciding the case as we do we are giving effect to the plain terms of the insurance contract between the parties. The trial court should have granted defendant's motion for an instructed verdict; or, later, the point having been saved and made "subject to a later determination of the legal questions raised by the motion" by Municipal Court Rule 50(b), Fed.R.Civ. Proc. 50(b), 28 U.S.C.A., the court should have granted defendant's motion for judgment notwithstanding the verdict.

Reversed with instructions to set aside the verdict and judgment, and to enter judgment for defendant.

3. Perhaps it should be noted that the Patterson case has been overruled by the Stauffer case on the issue of whether or not certain events amounted to an accident.