## Anna M. McKEEVER, Appellant, v. The PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation, Appellee.

### No. 11442.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 25, 1952.

Decided April 2, 1953.

Mr. Jo V. Morgan, Jr., Washington, D. C., with whom Messrs. John J. Carmody and Hubert A. Schneider, Washington, D. C., were on the brief, for appellant.

Mr. John M. Lynham, Washington, D. C., with whom Messrs. Arthur P. Drury and John E. Powell, Washington, D. C., were on the brief, for appellee.

Before WILBUR K. MILLER, PRETTYMAN and FAHY, Circuit Judges.

PER CURIAM.

Mrs. McKeever sued in the Municipal Court of the District of Columbia to recover $3,000 under the provisions of two policies of insurance on the life of her deceased husband which provided double indemnity for accidental death. Judgment in her favor pursuant to a jury's verdict was reversed by the Municipal Court of Appeals. We allowed an appeal.

The judgment of the Municipal Court of Appeals is affirmed on Judge Cayton's opinion, Prudential Insurance Company v. McKeever, 1952, 89 A.2d 229.

Affirmed.

FAHY, Circuit Judge (dissenting).

The evidence though meager leaves the basic facts in no doubt. The insured intervened to protect his stepdaughter from an attack by her husband. The insured and the husband scuffled. The husband struck the insured with his fists and knocked him down. He never arose and died almost instantly. The opinion of the court below, adopted by this court, in assuming that the death was accidental leaves only the question whether it comes within the

coverage provisions which require double indemnity to be paid when such accidental death occurs

"* * * as a result, directly and independently of all other causes, of bodily injuries effected solely through external, violent *. * * means * * *."

The conditions and exceptions provide that double indemnity is not payable when the death results

"* * * directly or indirectly from bodily or mental infirmity or disease in any form * * *."

A deputy coroner testified death came as a result of congestive heart failure and cardio vascular disease. He said insured had sclerosis, and that there was a contusion on his right cheek which in and of itself did not cause death,[1] but if he had not had a blow he could be living still, or he could be dead. He said the blow had a tendency to aggravate his pre-existing condition to such an extent as to bring on death.

The Municipal Court submitted the case to the jury under instructions which are not questioned. The jury found for the plaintiff. I think the judgment entered upon the verdict should not be disturbed.

In Patterson v. Ocean A. & G. Corporation, 1905, 25 App.D.C. 46, the injury which preceded the death was a strain suffered by insured, an osteopath, in administering to a patient. The policy provided that the insurer should pay a stated sum in case of

"* * * accidental bodily injuries caused solely * * * by external, violent, and visible means which shall, independently of all other causes, disable the assured as follows: A. If death shall result in ninety days from date of such bodily injuries, as the actual and direct cause thereof * * *." 25 App.D.C. at page 48.

Referring to the universal rule applicable to insurance contracts that in case of doubt an interpretation shall be given which favors the insured rather than the insurer, the court said that these provisions

"* * * cannot be regarded as clearly meaning that there shall be no recovery in a case where there was a pre-existing diseased condition of the body,—a predisposing cause of death, as it has been called,—notwithstanding the accidental injury may have been the exciting, efficient, predominant cause.

"Their meaning, considering them together or separately, is, in our opinion, that the intervening accident must be the proximate, direct cause of death, and nothing more. This conclusion is supported by the following authorities: Fetter v. Fidelity & C. Co., 174 Mo. 256, 61 L.R.A. 459, 97 Am.St.Rep. 560, 73 S.W. 592; Horsfall v. Pacific Mut. L. Ins. Co., 32 Wash. 132, 63 L.R.A. 425, 98 Am.St.Rep. 846, 72 P. 1028; Modern Woodman Acci. Asso. v. Shryock, 54 Neb. 250, 39 L.R.A. 826, 74 N.W. 607; Freeman v. Mercantile Mut. Acci. Asso., 156 Mass. 351, 353, 17 L.R.A. 753, 30 N.E. 1013. See also Winspear v. Accident Ins. Co., L.R. 6 Q.B.Div. 42, 45; Travelers' Ins. Co. v. Murray, 16 Colo. 296, 25 Am.St.Rep. 267, 26 P. 774; Atlanta Acci. Asso. v. Alexander, 104 Ga. 709, 42 L.R.A. 188, 30 S.E. 939; Omberg v. United States Mut. Acci. Asso., 101 Ky. 303, 72 Am.St. Rep. 413, 40 S.W. 909." 25 App.D.C. at pages 68–69.

The opinion recognizes respectable authority to the contrary, reviewed in Modern Woodman Accident Ass'n v. Shryock, 1898, 54 Neb. 250, 74 N.W. 607, 39 L.R.A. 826, and distinguished National Masonic Acci. Ass'n v. Shryock, 8 Cir., 1896, 73 F. 774, 775, calling attention to the provisions of the policy there interpreted excluding coverage of

"* * * death or disability resulting wholly or in part, directly or indirectly, from any of the following causes: * * * disease or bodily infirmity. * * *"

In distinguishing the case the court did not expressly approve it. In any event, the

---

1. The question is not whether the contusion itself caused death but whether the accidental injury which caused the contusion caused death.

present policy does not contain the "wholly or in part" clause.

In Railway Mail Ass'n v. Stauffer, 1945, 80 U.S.App.D.C. 278, 152 F.2d 146, the injury resulted from an effort by the insured, who was ill in bed, to elevate his body by the use of his elbows. The exertion apparently caused some internal injury which brought on death very quickly. In accordance with the decision of the Supreme Court in Landress v. Phoenix Mut. Life Ins. Co., 1934, 291 U.S. 491, 54 S.Ct. 461, 78 L.Ed. 934, this court held that the injury was not accidental, a question not now before us, and overruled the Patterson case "Insofar as it indicates that the means need not be accidental." Reference was made to Prudential Ins. Co. of America v. Beckwith, 1937, 67 App.D.C. 209, 211, 91 F.2d 240, 242, where death was held not to have resulted from " 'bodily injury solely through external, violent and accidental means.' " The concluding paragraph in the Stauffer opinion states that it also appeared the insured "had a bodily infirmity which was a contributing cause of death," precluding liability. The present policy, however, does not contain this "contributing cause of death" clause. The Patterson case I think was left unimpaired in all respects pertinent to the case at bar.

In Preston v. Aetna Life Ins. Co., 7 Cir., 1949, 174 F.2d 10, 13, the policy insured

" * * * against loss resulting directly and independently of all other causes from bodily injuries sustained during the term of this Policy and effected solely through accidental means * * *."

An exclusion clause also read

" * * * The insurance under this Policy shall not cover * * * injury * * * or other loss caused directly, wholly or partly * * * (2) by disease in any form * * *."

This wording, by reason of the "wholly or partly" clause, gave the policy perhaps a narrower coverage than the one now before us; yet recovery was held permissible in the following circumstances. Plaintiff was at his desk dictating. He had removed the shoe from his right foot due to soreness. While raising his foot to put it on the desk the base of his great toe struck either the corner of the desk or the corner of the glass top of the desk. An ulcer developed on the toe which failed to heal, gangrene set in and many weeks after the initial injury the right leg was amputated. Prior to the accident plaintiff had a history of pains in his right leg, his right foot became white, lacking the usual color of flesh, and felt numb and cold. For at least a year he had been under medical treatment for circulatory trouble in the right leg, which had been diagnosed as peripheral vascular disease involving chiefly the arteries of the right leg, the underlying cause being arteriosclerosis. He received treatment by exercise, massage and contrast baths, which proved beneficial. The evidence indicated that the original injury and the ulcer would have healed, except for the circulatory condition described. After an extended review of the cases, including Rebenstorf v. Metropolitan Life Ins. Co., 1939, 299 Ill.App. 71, 19 N.E.2d 420, Scanlan v. Metropolitan Life Ins. Co., 7 Cir., 1937, 93 F.2d 942, and Nelson v. Business Men's Assur. Co. of America, 7 Cir., 1939, 108 F.2d 363, the court said,

" * * * We believe that the weight of authority throughout the country supports the rule announced in the Rebenstorf, Scanlan and Nelson cases, and are justified we think, in concluding that the Supreme Court of Illinois would hold with the majority rule." 174 F.2d at page 16.

The rule thus relied upon, as stated in the Rebenstorf case, is as follows:

" * * * If the accident, when operating upon either a healthy or unhealthy body, causes death by putting in motion a chain of events which can be directly traced back to the accidental injury, why then should not such accident be considered the sole cause of the death? * * * We are impelled to hold that the question of whether Rebenstorf's death within the contemplation of the terms of the policy before us was caused solely as a result of his accidental injury was properly submitted to the jury and that there was

sufficient evidence to warrant the jury in resolving this question in plaintiff's favor."[2] 174 F.2d at page 14.

The rule in the Scanlan case is as follows:

"* * * If the accident brought about conditions from which death resulted, the fact that the insured was ill, aged or infirm, or had bodily or mental infirmities, would not bar recovery provided the accident excited the bodily infirmity into activity and death resulted. If the infirmity alone would not have caused death, it cannot be said to have caused death when the immediate result was occasioned by an infirmity which became active only because of the accident. The infirmity may have made the insured less able to resist, but if the accident caused the condition which in turn affected the weak spot which did not resist as well as a healthy body, the cause is nevertheless the accident, and recovery cannot be avoided or evaded. * * *"[3] 174 F.2d at page 15.

The Circuit Court said of Scanlan:

"* * * The court's conclusion was that the evidence was sufficient to support the verdict of the jury that the injury was the proximate and sole cause of death." 174 F.2d at page 15.

Again, in the Nelson case, the policy insured against loss resulting from bodily injuries effected directly and independently of all other causes through accidental means. The accident consisted of the insured striking the side of his abdomen against a door, causing pain, resulting in his being taken to a hospital and operated upon. This disclosed a ruptured gall bladder. Death of peritonitis followed six days later. The medical testimony was to the effect that the diseased condition of the gall bladder contributed to its rupture. The Circuit Court held that plaintiff's evidence tended to prove a prima facie case and that the jury might have found death resulted

"* * * solely from bodily injuries * * * directly and independently of all other causes through accidental means." 108 F.2d at page 365.

New York Life Ins. Co. v. Wilson, 9 Cir., 1949, 178 F.2d 534, is to the same general effect and cites, among other cases, Wheeler v. Fidelity & Casualty Co., 1923, 298 Mo. 619, 251 S.W. 924.

The Wheeler case contains an extensive consideration of the question. The policy protected against bodily injury sustained through accidental means and resulting in death directly, independently and exclusively of all other causes. The deceased incurred an accidental injury to his eye, followed by ulcers for more than three months. He wasted away and died. There was evidence of a syphilitic condition and of its influence on conditions in the body prior to the injury, by reason of which it was more difficult to effect a cure and easier for the infection to cause the formation of a thrombus which caused the death. The court called attention to the two divergent lines of decisions interpreting provisions such as those now before us and quoted with approval Driskell v. U. S. Health & Acc. Ins. Co., 1906, 117 Mo.App. 362, 369, 93 S.W. 880, 882, as follows:

"'* * * If, under the peculiar temperament or condition of health of an individual upon whom it is inflicted, such injury appears as the active, efficient cause that sets in motion agencies that result in death, without the intervention of any other independent force, then it should be regarded as the sole and proximate cause of death. The fact that the physical infirmity of the victim may be a necessary condition to the result does not deprive the injury of its distinction as the sole producing cause. In such case, disease or low vitality do not arise to the dignity of concurring causes, but, in having deprived nature of her normal power of resistance to attack, appear rather as the passive allies of the agencies set in motion by the injury.'

"That is a very lucid statement of the underlying principles involved, and their application to the facts of this case is manifest", citing a number of

---

2. 299 Ill.App. at page 83, 19 N.E.2d at 425.

3. 93 F.2d at page 946.

cases from several states. 298 Mo. at page 642, 251 S.W. at page 930.

There are indeed cases, relied upon by the Municipal Court of Appeals, which lend support to a contrary conclusion. It seems to me, however, that they are partially distinguishable on their facts. For example, in Bush v. Order of United Commercial Travelers, 2 Cir., 1942, 124 F.2d 528, the court in denying recovery, with one judge dissenting, pointed out that death was due to a pre-existing blood clot in a vein leading to the heart which was jarred by a fall, set loose and so moved into the heart, causing death. The opinion says,

> "While the line is often difficult to draw between congenital infirmity or weakness of old age and diseases accelerated by accidents, we think that such a dangerous and abnormal physical defect as the existence of a large blood clot lodged in a vein leading to the heart brings the present case within" those holding that death did not arise through " 'accidental means alone.' " 124 F.2d at page 531.

Judge Clark in his dissent leaned upon the views of Judge Cardozo expressed in Silverstein v. Metropolitan Life Ins. Co., 1930, 254 N.Y. 81, 171 N.E. 914, and said in part,

> "* * * purchasers of accident insurance would hardly expect that latent heart trouble, unknown to anyone and only to be brought out by an accident, would be a complete bar as a matter of law." [4] 124 F.2d at page 531.

Order of the United Commercial Travelers v. Nicholson, 2 Cir., 1925, 9 F.2d 7, another case cited below, I think is distinguishable on two grounds. The opinion of the court rested primarily on the premise that the disease arteriosclerosis actually caused the fall. In the second place the death was from pneumonia following the fall. The policy contained a provision that in order to recover it was necessary to prove

that the disease did not contribute in any degree to cause death.

Here, taking into consideration all the scant testimony, including that which is descriptive of what actually transpired, as well as the medical testimony based upon a post-mortem examination, the jury properly could have found that the encounter, terminating in the blows which felled insured, was the direct and independent cause of his death when and as it occurred, though the jury might well have believed also that the quick passage of death was made easier by a diseased condition of the heart. Furthermore, they plainly could find that the injuries which resulted from the encounter were effected solely through external, violent means. It follows that the jury were not required to find that the death resulted directly or indirectly from infirmity or disease. Their verdict accordingly is consistent with all provisions of the policy. It is not enough to say that the pertinent language might be construed so as to preclude such a verdict as a matter of law. The language should be given meaning which it reasonably may bear and which is consistent with the purpose of the double indemnity provisions. This purpose I think is to require such indemnity to be paid when death comes about directly by reason of injury caused by an accident of external, violent origin.

The case is uniquely one, as it seems to me, for application of the principles fully expressed in Preston v. Aetna Life Ins. Co., supra, similar to those long ago adopted in this jurisdiction in Patterson v. Ocean A. & G. Corporation, supra, where the court refused to construe comparable provisions to bar recovery though a pre-existing diseased condition was a predisposing cause of death, when the accidental injury was nevertheless the exciting, efficient, predominant cause, as in the case now before us. I think the case was properly submitted to the jury by the Municipal Court and that its judgment based on the jury verdict should be maintained.

---

4. He indicated, however, that where a policy contains additional exclusion provisions similar to, but not entirely like, those in the case at bar it may prevent recovery.