**Jack SHULMAN, Administrator of the Estate of Myer Shulman, deceased, Appellant,**

v.

**MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION, Appellee.**

No. 14890.

United States Court of Appeals District of Columbia Circuit.

Argued April 21, 1959.

Decided April 30, 1959.

Mr. I. Irwin Bolotin, Washington, D. C., with whom Messrs. Philip J. Lesser and Raymond C. Kates, Washington, D. C., were on the brief, for appellant.

Mr. John Joseph Leahy, Washington, D. C., for appellee.

Before WASHINGTON, DANAHER and BURGER, Circuit Judges.

DANAHER, Circuit Judge.

The late Myer Shulman and appellee entered into a contract of insurance which was in force when the insured died on February 2, 1956. His administrator, appellant here, brought suit alleging that on January 17, 1956, the insured suffered an incidental injury—a blow on the chest from a heavy moving object—which gave rise to a death benefit claim under the insurance contract. The District Court granted summary judgment for the appellee, and this appeal followed.

In pertinent part, the insuring clause of the contract covered the insured against loss of life "resulting directly and independently of all other causes, from bodily injuries sustained during any term of this policy, through purely Accidental Means." It was further provided as to "Accident Indemnities" that

> "If the Insured shall sustain bodily injuries, as described in the Insuring Clause, which injuries shall, independently and exclusively of disease and all other causes, continuously and wholly disable the Insured from the date of the accident and result in any of the following specific losses within thirteen weeks, the Association will pay:
> For Loss of Life....$2,500.00"

In its summary judgment order the District Court recited that it had considered "the reports of the doctors who attended the deceased prior to and during his terminal illness, the accidental death provisions contained in the contract of insurance between the parties, the points and authorities submitted by counsel * * * and the other pleadings and arguments furnished by counsel * * * and the court being fully advised in the premises and finding as a matter of fact that the alleged injury sustained by the insured was, at most, an aggravation of pre-existing active diseases, and the court finding as a matter of law that the liability of the said defendant * * * is controlled by McKeever v. Prudential Life Insurance Company of America, 92 U.S.App.D.C. 190, 204 F.2d 59" and accordingly granted the appellee's motion.

We have carefully examined the entire record. It is clear that for more than twenty-five years appellant's decedent had been suffering from chronic suppurative bronchitis and emphysema. The official certificate ascribed the cause of death to bilateral broncho-pneumonia. An autopsy performed upon the 67-year-old decedent disclosed far advanced lung disease including pulmonary emphysema, cor pulmonale, pulmonary fibrosis, and bilateral lower lobe tuberculosis. Assuming that appellant's decedent may have suffered an accidental chest injury, one of his doctors concluded the trauma "may have been a factor responsible at least in part for Mr. Shulman's death which occurred two weeks later." Another advised that the injury to his sternum undoubtedly interfered with his ability "already badly impaired" to expectorate. Upon such bases appellant sought to bring himself "directly in line with the holdings of the McKeever case."

We think appellant has quite mistakenly evaluated his case. The contract of insurance in controlling particulars is not greatly dissimilar to many which have engaged the notice of the courts. See for example, Order of United Commercial Travelers of America v. Nicholson, 2 Cir., 1925, 9 F.2d 7, 15; cf.

Landress v. Phoenix Mutual Life Ins. Co., 1934, 291 U.S. 491, 54 S.Ct. 461, 78 L.Ed. 934. Allowing the appellant every favorable intendment from the evidence adduced by deposition, answers to interrogatories, exhibits and otherwise, he could not show that loss of life resulted from the trauma "directly and independently of all other causes." Nor, could he demonstrate an injury which "independently and exclusively of disease and all other causes" brought the decedent within the contract. Rather, the record as a whole is clearly otherwise.

We find no error. Cf. McKeever v. Prudential Insurance Company, 1953, 92 U.S.App.D.C. 190, 204 F.2d 59, affirming, Mun.Ct.App.D.C.1952, 89 A.2d 229; Prudential Ins. Co. of America v. Beckwith, 1937, 67 App.D.C. 209, 91 F.2d 240.

Affirmed.