Frances F. LOVE et al., Appellants,

v.

AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Appellee.

No. 16866.

United States Court of Appeals District of Columbia Circuit.

Argued May 16, 1962.

Decided July 5, 1962.

Mr. Robert E. Lynch, Washington, D. C., with whom Mr. Joseph A. McMenamin, Washington, D. C., was on the brief, for appellants.

Mr. Albert E. Brault, Washington, D. C., with whom Mr. Denver H. Graham, Washington, D. C., was on the brief, for appellee.

Before DANAHER, BASTIAN and WRIGHT, Circuit Judges.

BASTIAN, Circuit Judge.

Appellants [plaintiffs], the beneficiaries named in an accident insurance policy isued by appellee [defendant], filed a complaint in the District Court seeking to recover payments for the death of the insured, in accordance with the terms of the policy. Cross motions for summary judgment were filed by the respective parties, and the District Court granted appellee's motion. This appeal followed.

The insurance policy in question is styled a "Tripmaster Policy." It is a limited policy in the sense that it is intended to be effective for only the short period of time during which the insured is on a trip or trips (in this case three days). On the other hand, it is a very broad policy in the sense that it is routinely sold to the general traveling public without the necessity of a physical examination or other special investigation of the type that usually precedes the issuance of, for example, a life insurance policy. The Tripmaster Policy was taken out by the deceased prior to her departing on an automobile trip from Washington, D. C., to Atlantic City, New Jersey. There were no representations in the policy as to condition of health nor was a physical examination required before its issuance. At the time the policy was issued, the deceased was suffering from diabetes and coronary sclerosis; moreover, approximately three years earlier, she had also suffered a cerebral thrombosis, which had left her partially crippled on the right side. However, upon examination just prior to the trip, her doctor found her physical condition to be such as not to render the proposed trip inadvisable from a medical standpoint.

The deceased and her husband left Washington for Atlantic City on a clear day. While en route they encountered an exceptionally severe thunderstorm, with heavy rain, hail, and high winds. With sections of the highway often entirely flooded because of the storm, their car frequently went off the highway and onto the adjoining rough roadside, thus causing deceased to be jostled and jolted considerably as her husband eased the car back onto the flooded pavement of the highway. Moreover, in order to prevent steam from blurring visibility through the windshield, it became necessary to roll down the car windows. This resulted in deceased's being drenched by the rain blown in through the open windows. This ordeal lasted a little over two hours, until they finally reached their destination, at which time deceased had

a fever and was suffering from a backache. When these signs of illness continued, a doctor was summoned and, thereafter, deceased was returned to Washington for further medical treatment to be given by her personal physician. A little over two weeks later she died.

An autopsy was performed upon the deceased. It disclosed that the immediate cause of death was acute myocardial infarction; it also disclosed that the deceased was suffering from arteriosclerotic heart disease, generalized arteriosclerosis, and diabetes.

When the case came before the District Court on cross motions for summary judgment, the court noted a conflict in the medical evidence but granted appellee's motion on the ground that there had been no accident which would bring deceased's death within the coverage of the insurance policy.

█ The law construes an insurance policy most favorably to the insured, on the theory that, since the insurance company initially drafts the policy, then the insurance company should be charged with any deficiencies arising as a result of the language embodied therein. Cf. Hayes v. Home Life Ins. Co., 83 U.S.App. D.C. 110, 168 F.2d 152 (1948).

█ The instant policy provides for payment for "loss resulting directly and independently of all other causes from accidental bodily injury. * * *" [1]

It contains no "disease exclusionary clause" such as is found in the policies reviewed in Landress v. Phoenix Mutual Life Insurance Co., 291 U.S. 491, 54 S. Ct. 461, 78 L.Ed. 934 (1934); Shulman v. Mutual Benefit Health & Accident Ass'n, 105 U.S.App.D.C. 350, 267 F.2d 627 (1959); and Railway Mail Ass'n v. Stauffer, 80 U.S.App.D.C. 278, 152 F.2d 146 (1945). Nor is it the same kind of policy as those involved and interpreted in those cases. It is a short term policy drafted in the broadest language to provide coverage for a specific factual event: accidental injury sustained while the insured is on a trip, or death or other loss resulting from such injury within 180 days after the date of the accident. With these distinctions in mind, we proceed to the disposition of the present case.

The medical evidence tendered in the District Court in connection with the motion for summary judgment, when viewed most strongly in favor of appellants, shows that the buffeting of the violent storm on the deceased might have caused the injury (myocardial infarction) which was the primary, exciting, proximate cause of her death. Although we do not regard this evidence as in any way conclusive, we do think it sufficient to preclude summary judgment in that it raises genuine issues of material fact with respect to the pertinent language of the instant policy in so far as such policy covers loss resulting directly and independently of all other causes from bodily

1. The language of the policy applicable to the facts of this case reads, in its entirety, as follows:

"[Appellee] HEREBY INSURES the person whose name is shown in the Schedule (hereinafter called the Insured) against (1) under Coverage A, loss resulting directly and independently of all other causes from accidental bodily injury sustained while Coverage A of this Policy is in force;
 *　　*　　*　　*　　*
"COVERAGE A—ACCIDENT INSURANCE
"The Provisions effecting Accident Insurance under this Policy are as follows:

"PART III ACCIDENTAL DEATH AND DISMEMBERMENT INDEMNITY
"If injury shall result in any one of the following specific losses within 180 days after the date of accident, the Company will pay the amount set opposite the loss, based upon the Principal Sum stated in the Schedule, but only one of such specified amounts, the greatest, will be paid for any one accident.
For loss of: Life ....The Principal Sum [$25,000]."

injury. See Patterson v. Ocean A. & G. Corporation, 25 App.D.C. 46 (1905).[2]

The only question that remains to be decided on the present appeal, therefore, is whether the injury suffered by the deceased might possibly be termed an "accidental bodily injury" and thereby preclude disposition of this case by summary judgment. Bearing in mind the nature of the instant policy, its open and inclusive language in this respect,[3] and the fact that at this stage of the proceedings we must view the evidence most favorably to appellants, we do not think it can be said that the violence of the thunderstorm encountered by the deceased could not have been, *as a matter of law,* such an unforeseen, unexpected, unusual occurrence as to be the possible cause of "accidental bodily injury." Cf. United States Mutual Accident Association v. Barry, 131 U.S. 100, 9 S.Ct. 755, 33 L.Ed. 60 (1889).

In other words, all we are saying is that in the District Court appellants alleged enough on this aspect of the case to raise a factual issue which must properly be resolved at trial and not on motion for summary judgment. At trial, it may well develop that appellants are not able to prove their allegations, either as a matter of law to the court or as a matter of fact to a jury. But, be that as it may, they are entitled to try.

Reversed and remanded for further proceedings not inconsistent with this opinion.

2. We are not unmindful of the fact that in Railway Mail Ass'n v. Stauffer, supra, we overruled Patterson "[i]nsofar as it indicates that the means need not be accidental." However, the opinion in Stauffer did not overrule Patterson in so far as the court in the latter case, in interpreting language similar to that found in the instant policy, held that a pre-existing diseased condition would not preclude recovery in circumstances where a subsequent accidental injury was "the exciting, efficient, predominant [cause of death.]" Nor is the present case controlled by our decisions in Shulman v. Mutual Benefit Health & Accident Ass'n, supra, and McKeever v. Prudential In-

surance Co., 92 U.S.App.D.C. 190, 204 F. 2d 59 (1953). The medical evidence presented in those cases did not substantiate a finding that the injuries involved were the exciting, efficient, predominant cause of death.

3. In Landress v. Phoenix Mutual Life Insurance Co., supra, the policy provided for payment for "bodily injuries effected through *external, violent* and accidental means." [Emphasis added.] The same is true of the policy in McKeever, supra ("bodily injuries effected solely through external, violent means"). The instant policy merely contains the general phrase "accidental bodily injury."