**Frances F. LOVE et al., Plaintiffs,**

v.

**AMERICAN CASUALTY COMPANY, Defendant.**

**Civ. A. No. 3653–59.**

United States District Court
District of Columbia.

Dec. 5, 1961.

48

Joseph A. McMenamin, Washington, D. C., for plaintiffs.

Albert Brault, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action to recover benefits under an accident policy for accidental death.

On May 29, 1959, the deceased and her husband started on an automobile trip for Atlantic City. Before leaving, they obtained from the defendant insurance company an accident policy in the principal sum of $25,000 for a term of three days, paying a premium of $3.60. The beneficiaries named are the children of the deceased and her husband, and they are the plaintiffs in this action.

At the time, the wife had been suffering for some time from a complication of chronic ailments affecting the heart. During the trip to Atlantic City, the couple became involved in a storm. The rain storm that they encountered was very severe and lasted for two and a half hours. It was unusual and unexpected. Upon arrival in Atlantic City, the deceased became ill and a couple of weeks later she died as a result of aggravation of her heart condition.

Suit was then brought on this policy to recover the benefits for accidental death amounting to $25,000. The matter is before the Court at this time on cross-motions for summary judgment.

There is some testimony—and, of course, so far as the defendant's motion is concerned the testimony must be viewed most favorably from the plaintiff's standpoint—that there was a physical injury to her heart. There is other evidence to the contrary. If this were the sole question in the case there would be a material issue of fact, which would require denial of the motions for summary judgment and necessitate a trial. There is another question here, however, as to which the facts are undisputed, and that is whether any bodily injury, even if it occurred, can be said to be accidental within the meaning of the policy.

The policy insures the person involved against loss "resulting directly and independently of all other causes from accidental bodily injury". Looking at the testimony from the standpoint most favorable to the deceased, her heart condition became seriously aggravated, and if there was a physical injury to the heart at the time, it was caused as a result of the exposure to the storm, and the worry and emotional upset and stress and strain that accompanied this drive for two and a half hours through the rain storm. The Court is of the opinion that this was not an accident within the proper meaning of that term as used in this policy. It is not a condition of a type that could have been contemplated by a policy of this kind.

The Court is not unmindful of the fact that an insurance policy should be construed most favorably to the insured and against the insurance company, because the policy is drawn by the company. Nevertheless, the Court is unable to see, by any stretch of the imagination, how an injury acquired in the manner in which this injury occurred can be said to be accidental or resulting from an accident.

The Court is further of the opinion that the decision of the United States Court of Appeals in Shulman v. Mutual Benefit Health & Accident Association, 105 U.S.App.D.C. 350, 267 F.2d 627, sustains and in fact necessitates the view that this Court is now taking of this controversy.

An illuminating light is cast upon this question by the Supreme Court in Landress v. Phoenix Ins. Co., 291 U.S. 491, 54 S.Ct. 461, 78 L.Ed. 934, in which it was held that a sunstroke sustained by a golf player on the golf links does not

constitute an accidental injury within the meaning of an accident insurance policy.

These considerations make it unnecessary to discuss the other points raised by counsel.

Accordingly, defendant's motion for summary judgment is granted and the plaintiffs' motion denied.