Jean M. SMITH, Appellant,

v.

CONTINENTAL CASUALTY COMPANY,
a corporation, Appellee.

No. 3459.

District of Columbia Court of Appeals.

Argued June 8, 1964.

Decided Aug. 28, 1964.

Rehearing Denied Sept. 10, 1964.

Earl H. Davis, Washington, D. C., for appellant.

William T. Clague, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This is an appeal from a directed verdict in favor of appellee insurance company upon a claim by appellant seeking specific indemnity under an insurance policy by reason of the death of her husband, the insured thereunder, allegedly due to "bodily injury caused solely by an accident."

On February 11, 1960, while engaged in the performance of his regular duties as resident engineer on a road project and following exertion in climbing up and down an embankment to examine some bridge footings to ascertain whether they were adequately reinforced, the insured (about 56 years of age) suffered an acute myocardial infarction resulting from an insufficient blood supply reaching the heart. After a period of hospitalization and rest, he returned to work in April 1960 on a sedentary half-day basis. He was rehospitalized in October 1960 and died November 19, 1960. The cause of death was officially recorded as "pulmonary infarction due to arteriosclerotic heart disease." [1]

---

1. *Pulmonary infarction:* a blood clot in the lungs;
   *Arteriosclerotic Heart Disease:* a condition resulting from the natural progressive process of hardening of the blood vessels in the heart.

The heart specialist who had treated the insured from the initial attack in February 1960 until his death about nine months later testified that in his opinion the physical exertion had aggravated, if not precipitated, the attack. He also stated that there was a presumption that the arteriosclerotic heart disease, listed as a cause of death, antedated and pre-existed the first attack. Another physician similarly testified that the exertion might have precipitated the initial attack.

At the conclusion of the case,[2] the trial judge ruled as a matter of law that there was no showing that the insured had died of an accidental injury and, therefore, appellant was not entitled to recover under the policy. Appellant urges that the question of whether the insured's death was the result of "bodily injury caused solely by an accident"[3] was a factual issue and should have been submitted for determination by the jury.

The facts in the present case are similar to those in a leading case in this jurisdiction. Prudential Ins. Co. of America v. Beckwith, 67 App.D.C. 209, 91 F.2d 240 (1937), where it was held that although the strain of carrying a heavy bathtub up and down the steps caused the insured's heart attack and immediate death, they did not result from an accident—that although the insured's death might be termed accidental, the means were not and, accordingly, no accident happened within the purview of the policy. The court in its opinion quoted from Shanberg v. Fidelity & Casualty Co., 158 F. 1, 4, 19 L.R.A.,N.S., 1206 (8th Cir. 1907) where it was said:

" * * * the injury itself * * * the rupture of the heart * * * was the result, and not the means through which it was effected. Carrying the door * * * was the means by which

the injury was caused. [It was] done by the assured voluntarily, and in an ordinary way with no unforeseen, accidental, or involuntary movement of the body whatever. There was no stumbling, slipping, or falling; there was nothing accidental in his movements. * * * Had the assured * * * lost his balance and fallen and struck upon some unforeseen object, or slipped on the ice, his death might be said to have resulted from violent or accidental means. * * * But from the facts * * * we do not think it can be said that the rupture of the assured's heart, and which caused his death, was in any sense the result of an accident. * * * No accident of any kind interfered with his movements, or for an instant relaxed his self-control."

In the case at bar, although the insured's heart attack was preceded by physical exertion in his ascent from the excavation incident to his supervisory responsibilities, he neither slipped nor fell, nor was he struck by any falling object, nor was there any fortuitous event at the time which triggered his heart attack, assuming, *arguendo*, but not conceding, that the heart attack could be accepted as a bodily injury contemplated by the policy. Clearly no accident,[4] in the common acceptance of that term, interfered with his movements at work on the day in question and thereby produced a bodily injury which was the sole, exciting, efficient and predominant cause of death of the insured who was normally performing the duties of his employment. The fact that the exertion had an aggravating effect upon a heart weakened by pre-existent arteriosclerotic heart disease did not make the heart attack an injury arising out of an accident.

Whatever may be the law elsewhere, this jurisdiction is committed to the rule that

2. Appellee insurance company did not offer any evidence.

3. This is the definition of "injury" wherever used in the policy. The term "accident" is not defined.

4. Webster's New World Dictionary defines "accident" as "a happening that is not expected, foreseen, or intended; an unfortunate occurrence or mishap; sudden fall, collision, etc., usually resulting in physical injury."

makes a clear distinction between death that is accidental, though unintended and unforeseen, and death resulting from accidental means. In Acacia Mutual Life Insurance Company v. Galleher, D.C.Mun. App., 144 A.2d 550 (1958), we cited with approval the following language from Bernard v. Union Central Life Ins. Co., 117 F.Supp. 456, 458 (D.Mass.1954):

"Where the external act, which is the cause or means by which death is brought about, is the act which is intended and is performed exactly in the manner intended, then the death is not one effected by accidental means."

Love v. American Casualty Co. of Reading, Pennsylvania, 113 U.S.App.D.C. 195, 306 F.2d 802 (1962), relied on by appellant,[5] is distinguishable from the present case. In Love the trial court granted a summary judgment for the insurance company *before* any evidence was presented. In reversing the court held that, in view of the allegations of the complaint, summary judgment was prematurely granted as it could not be said as a matter of law that a violent thunderstorm cannot be the cause of an "accidental bodily injury" for which the policy of insurance provided benefits. However, the opinion pointed out that it may develop at trial that the allegations are not provable either as a matter of law to the court or as a matter of fact to a jury. In the present case all testimony had been received before the trial judge ruled as a matter of law that the evidence did not raise a factual issue for the jury because it was devoid of any showing that the cause of death could be attributable solely to bodily injury arising from an accident. Only the untimely death of the insured from pulmonary infarction due to arteriosclerotic

heart disease could properly be described as unexpected and unforeseen.

As we agree that the death of the insured cannot be brought within the provisions of the policy in view of the absence of proof that it was due to "bodily injury caused solely by an accident," we hold that the trial court properly directed a verdict for appellee at the conclusion of the case.

Affirmed.

---

5. Appellant also cites a number of decisions arising under workmen's compensation statutes. In view of the broad and extended interpretation of "injury" arising out of and in the course of employment under workmen's compensation laws favoring the employee, we are of the opinion that those decisions are not reasonably applicable to the present case involving a policy of insurance providing indemnity payments for "sickness" or "disease" and for loss of life from "bodily injury caused solely by an accident." The indemnity payments are wholly unrelated to employment.